McINTYRE *v.* McINTYRE'S ESTATE.

1. WILLS—DEED TO OPERATE AS WILL—EXECUTION—INTENT.
   To constitute a will, the instrument must be one which is not
   by its terms sufficient to convey a present interest; such in-
   terest negativing an intent to reserve the right of revocation.

2. SAME.
   A deed, which on its face conveys a present interest in land,
   although it withholds for a specified time the right of pos-
   session, is not a testamentary disposition and cannot be ad-
   mitted to probate as a will; and this is true although the
   deed was not delivered.

Error to Lapeer; Smith, J. Submitted February 19,
1909. (Docket No. 21.) Decided April 6, 1909.

Marion M. McIntyre presented a deed for probate as
the last will and testament of John B. McIntyre, deceased.
The petition was denied in the probate court, and propo-
nent appealed to the circuit court. There was judgment
for contestant on a verdict directed by the court, and pro-
ponent brings error. Affirmed.

*B. F. Reed*, for proponent.

*Geer, Williams & Halpin*, for contestant.

HOOKER, J. An ordinary warranty deed containing
the following unusual paragraph was offered for probate
as a will:

"It is understood that this deed is made for the purpose
of creating a future estate, preserving to the grantee
[grantor] hereof and his wife full use and occupancy
thereof until the death of the survivor of them, to the end
that the use and occupation, rental and enjoyment thereof
shall be and belong to them and the survivor of them dur-
ing life, and the full title and enjoyment of the above-
described land shall only become operative upon the death

of the survivor of the grantors hereof, and at that time, and not before, the said grantee shall enjoy the full title and control hereof."

It was signed by John B. McIntyre and Elizabeth, his wife, and upon its face appeared to be properly executed. At the time of its execution and acknowledgment, it was left with the scrivener, and was delivered to the grantee named in it after the death of John B. McIntyre, but , while Elizabeth McIntyre was living. She has since died. Probate of this instrument was denied by the probate judge. Upon appeal the circuit judge directed a verdict for the contestant, and the proponent has appealed.

The errors alleged are that the circuit judge erred in directing a verdict for contestant and in not directing a verdict for the proponent. Testimony was introduced, showing the circumstances under which the writing was executed, and the directions regarding its custody and delivery. The grantor caused this deed to be made, and directed the scrivener to deliver it when the grantee should execute a prescribed mortgage upon the premises to the grantor. See *McIntyre* v. *McIntyre,* 147 Mich. 365, where this deed was held ineffective to convey title for want of delivery. The inference from that opinion is that all considered that it did convey title to the property if delivered. This proceeding was instituted after the former decision.

It seems to be conceded that to constitute a will the instrument must be one which is not by its terms sufficient to convey a present interest, because, if it does, it negatives the design to reserve the right of revocation. Such is clearly the rule laid down in *Clay* v. *Layton,* 134 Mich. 337, and *Hitchcock* v. *Simpkins,* 99 Mich. 198. Two provisions of the deed were relied on to sustain proponent's contention that the terms of the deed were not sufficient to create a vested interest in a grantee: (*a*) "It is understood that this deed is made for the purpose

156 MICH.—16.

of creating a future estate;" (*b*) "and the full title and enjoyment * * * shall only become operative upon the death of the survivor of the grantors hereof, *and at that time, and not before,* the said grantee shall enjoy the full title and control hereof." Our statute (section 8792, 3 Comp. Laws) defines "a future estate" as "an estate limited to commence in possession at a future day," etc., and by section 8795 they are said to be either vested or contingent. There is no contingency mentioned in this deed. The grantee's right to possession was inevitable on the happening of events which were inevitable. He had, therefore, a vested interest.

It is contended that this conclusion is inconsistent with the latter provision. That provision undertook to reserve to the grantors the use and occupancy only for their lives. It did not provide that no present title should pass, but only that "*full*" title and "*control*" should not be "enjoyed until the death of the survivor of the grantors." In short, it is clear that the possession only was withheld. The cases cited by counsel involved instruments not open to such a construction.

The judgment is affirmed, with costs against proponent.

MONTGOMERY, OSTRANDER, BROOKE, and McALVAY, JJ., concurred.