### *In re* BOUCHER'S ESTATE.

1. WILLS—TESTAMENTARY INTENT—EXTRINSIC EVIDENCE.
>  An intent, contrary to that shown by the unambiguous language of an instrument, claimed to be of a testamentary character, cannot be proved by extrinsic evidence.

2. SAME—CONSTRUCTION—DEATH.
>  An instrument must operate only upon and by reason of the death of the maker in order to be construed as his will.

3. SAME—CONTRACTS—PERFORMANCE AFTER DEATH—REVOCATION.
>  A valid contract does not fall into the testamentary class simply because it is performable after the death of one of the parties, for so to hold would overlook the fact of the complete revocability of a will.

4. SAME—LIENS—CONVEYANCE OF PRESENT INTEREST BEFORE DEATH OF MAKER.
>  Instrument was not subject to probate as a will where it presently conveyed a right to a lien that was not subject to revocation and gave the entire fund to the lienors after death of the maker.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 3, 1951. (Docket No. 37, Calendar No. 44,769.) Decided March 1, 1951.

In the matter of the estate of Edward Joseph Boucher, deceased. Paul Boucher presented a purported will for probate. On hearing in circuit court

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills, § 1107.
[1] Admissibility of extrinsic evidence as to intent of testator. 94 ALR 26.
[2] 57 Am Jur, Wills, § 2.
[3, 4] 57 Am Jur, Wills, § 40.

petition for probate was dismissed. Proponent appeals. Affirmed.

*Henry L. Wierengo,* for proponent.

*R. Burr Cochran,* for contestant.

Bushnell, J. Edward Joseph Boucher, of Muskegon county, Michigan, on May 10, 1943, entered into a written agreement with his son, Paul L. Boucher, and daughter-in-law, Marguerite, for his "proper support, medical attendance, care and clothing" for the remainder of his natural life. The agreement recites that he then had $4,617.09 deposited in a bank at Muskegon, and provides that none of these moneys would be withdrawn without the consent of his son and daughter-in-law. It was agreed that if Boucher later determined to live elsewhere, or terminate the contract, his son and daughter-in-law should have a lien on the "property" for the reasonable worth of the services rendered. It was further agreed that if the promises and undertakings were faithfully performed, the money in the bank should become theirs upon Boucher's death. The agreement was signed by Edward Boucher, Paul L. Boucher and Marguerite Boucher. It was attested by 3 witnesses. One of them, who was a notary public, took the acknowledgment of all the parties.

After the death of Boucher on July 1, 1943, this agreement was presented to the probate court as Boucher's last will and testament. A motion to dismiss the petition for probate was denied by the acting probate judge who held that the agreement "is of testamentary effect and character."

On appeal from an order admitting the instrument to probate as a will the circuit judge determined that the issue presented was solely one of law. He held that the instrument was unambiguous, consti-

tuted a contract and not a will, and could not be probated as such "for lack of anything in the instrument to indicate a testamentary intent," citing *Dodson* v. *Dodson,* 142 Mich 586.

At the trial below the proponents offered testimony regarding the circumstances surrounding the execution of the instrument for the purpose of showing the testamentary intent of Boucher.

The trial judge held that an intent, contrary to that shown by the unambiguous language of the instrument, could not be proved by extrinsic evidence. This determination is in accord with the rule stated in *Clay* v. *Layton,* 134 Mich 317, 341, and *Dodson* v. *Dodson, supra.*

The issue in this appeal is whether the instrument, which by reason of its lien provision transferred *inter vivos* a partial interest in the fund can be considered testamentary in character, because it also provides for the transfer of the entire interest in that fund upon the death of its owner.

In order to construe the instrument as a will it must operate only upon and by reason of the death of the maker, because, as said in *Ireland* v. *Lester,* 298 Mich 154, 158:

"Till then, it has no effect or force, and it is this ambulatory quality which is characteristic of wills. A valid contract does not fall into the testamentary class simply because it is performable after the death of one of the parties, for so to hold would overlook the fact of the complete revocability that is a further characteristic of a will."

For annotation of authorities in point, see 1 ALR 2d, p 1194.

In this instrument a present interest was conveyed by way of a lien, not contingent upon the exercise of the right of revocation. See *McIntyre* v. *McIntyre's Estate,* 156 Mich 240. Boucher could

not revoke one of the interests which he granted; the right to a lien vested immediately, and presumably carried with it the right to specific performance. See *Ryckman* v. *Cooper,* 291 Mich 556, 561. The fact that the entire fund was payable after the death of the maker does not of itself make the instrument testamentary in character. *Reithmaier* v. *Beckwith,* 35 Mich 110.

There is authority for the proposition that an instrument purporting to operate *inter vivos* may, if executed with the formalities of a will, operate as such. This rule is not applicable, however, to attempts to dispose of the same property *inter vivos,* and again after the maker's death. Hence an instrument may be a contract concerning one piece of property and a will in relation to other and distinct property. Here, both dispositions affect a single fund. See authorities annotated in 45 ALR, beginning at page 843.

The instrument executed by the deceased on May 10, 1943, is not subject to probate as a last will and testament.

The judgment is affirmed. Costs to appellees.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.