### In re C. P. CRAFT ESTATE.

#### No. 7158.

Court of Civil Appeals of Texas.

Amarillo.

June 11, 1962.

Rehearing Denied July 2, 1962.

———◆———

Morehead, Sharp & Boyd, Plainview, for appellant.

Stone & Stone, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment of the trial court admitting to probate a writing offered as a codicil to the will of C. P. Craft. Mr. Craft died September 20, 1960. His last will was dated May 3, 1956 and it was admitted to probate on October 13, 1960, with his surviving wife, daughter and grandson being the beneficiaries. Thereafter on March 2, 1961, Mrs. Iva Rippstein filed an application to probate the instrument involved here as a codicil to the above mentioned will of C. P. Craft. This application was duly contested by the executors and beneficiaries under the will. Both the county court and the district court admitted the tendered writing to probate as a codicil.

The writing was in the form of a letter written in Craft's own handwriting, addressed to Mrs. Rippstein. It was dated September 17, 1960, three days prior to Mr. Craft's death. The material parts of the letter read as follows:

"Dear Mrs. Iva: Used most of yesterday and day before to 'round up' my financial affairs, and to be sure I knew just where I stood before I made the statement that I would send you $200.00 cash the first week of each month for the next five years, provided I live that long, also to send you $200.00 cash for Sept., 1960, and thereafter send that amount in cash the first week of the following months of 1960, October, November and December."

In the left-hand margin beside the preceding paragraph, the following words were written:

"I have stricken out the words 'provided I live that long' and hereby and hereunto bind my estate to make the $200.00 monthly payments provided for on this Page One of this letter of 9–17–60."

Although one of appellant's points of error deals with Article 3716, Vernon's Ann.Civ.St., commonly referred to as the Dead Man's Statute, the principle question to be determined is whether or not the instrument is testamentary in character. There was no question of Craft's testamentary capacity, fraud or undue influence.

■ A written will is generally defined as an instrument by which a person makes a disposition of his property, to take effect after his death, and which by its own nature is ambulatory and revocable during his lifetime. Williams v. Noland, 10 Tex. Civ.App. 629, 32 S.W. 328 (error refused); Maxey v. Queen (Tex.Civ.App.) 206 S.W. 2d 114 (refused n.r.e.); Huffman v. Huffman (Tex.Civ.App.) 329 S.W.2d 139, affirmed 161 Tex. 267, 339 S.W.2d 885; Harper v. Meyer (Tex.Civ.App.) 274 S.W. 2d 904 (refused n.r.e.). We are not concerned here with Craft's intention or the meaning of the language used in the letter. The question is whether the writing itself meets the requirements of a testamentary document. If it is not of a testamentary character it cannot be admitted to probate. Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402; Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935.

■ It is our opinion that the writing involved here does not meet the requirements of a testamentary document. By its own terms the payments of $200.00 monthly became effective immediately rather than at

the death of Mr. Craft. The payments were to begin in September, 1960, the month the letter was written and the following sentence appears in the letter after the above quoted portion: "You will find the $200.00 in question for Sept. 1960 enclosed herewith."

It is well settled that one of the essential characteristics of a will or codicil is that it operates to transfer the maker's property on the occurrence of his death. 44 Tex.Jur., page 542, Sec. 2 and cases cited therein; 40 A.L.R.2d, page 718, Sec. 8, states the rule:

"To be testamentary an instrument must intend a revocable disposition of property to take effect at the maker's death. A letter, therefore, which seeks to make a present disposition, while it may constitute a valid gift inter vivos, cannot be considered testamentary in character."

The language of the writing in issue obviously creates a right in the promisee before the death of Mr. Craft. Whatever right Mrs. Rippstein acquired was created at the time the letter was executed. If the instrument passes a present interest and becomes effective upon its execution it cannot be said to be revocable in the sense of a testamentary document. Revocability is another essential characteristic of a testamentary document.

As we understand it, appellee takes the position that the writing made a bequest of the installments which had not been paid at the time of Craft's death. The argument is that the bequest was conditioned on the payments not being completed at the time of his death. It cannot be questioned that Texas does recognize the validity of "conditional" or "contingent" wills. Bagnall v. Bagnall, 148 Tex. 423, 225 S.W. 2d 401. A contingent will has been defined as a will which is to take effect only upon the happening of a specified contingency.

Bagnall v. Bagnall, supra, and authorities cited therein. Under this commonly accepted definition, we do not think the writing here can be said to be conditional or contingent. By its own terms it took effect immediately. This is contrary to the basic concept of a contingent will. No Texas cases have been cited and none have been found which hold an instrument may operate both as a will and as some other type of transfer of property. Some courts in other jurisdictions have recognized that an instrument may be so drawn that a part of it may be sustained as a will and the remainder to have a different effect. 94 C.J.S. Wills § 165, page 963; Jones v. Jones, 163 Tenn. 237, 43 S.W.2d 205; Foster v. Allen, 159 Kan. 116, 152 P.2d 818. But these and other authorities are agreed that in order to have this effect the instrument must employ distinct terms in reference to different property, clearly indicating the intent to give the instrument a testamentary effect as to one and a present operation as to the other. Jones v. Jones, supra. It is further settled that the same instrument cannot serve to dispose of the same property inter vivos and again after the maker's death. In re Boucher's Estate, 329 Mich. 569, 46 N.W.2d 577; Merrill v. Boal, 47 R.I. 274, 132 A. 721, 45 A.L.R. 830. In our opinion the instrument under consideration does not comply with these requirements. The installment payments constituted a single obligation.

We conclude the writing being considered is in fact an inter vivos gift from the maker to Mrs. Rippstein. The liability of the deceased's estate for the unpaid installments is not before us. We are therefore of the opinion the writing here involved is not a testamentary document and is not a proper instrument to be admitted to probate. Because of our disposition of this case we do not deem it necessary to pass on appellant's point of error involving the Dead Man's Statute.

The judgment of the trial court is therefore reversed and rendered.