**Joe UTAY, Administrator of the Estate of Clemmie A. Moore, Deceased, Appellant,**

**v.**

**A. J. URBISH, Appellee.**

**No. 17124.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 18, 1968.

Rehearing Denied Nov. 15, 1968.

Gerald W. Moss and Ben Warder, Jr., of Carter, Gallagher, Jones & Magee, Dallas, for appellant.

Robert Lee Guthrie, of Johnson, Guthrie, White & Stanfield, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

In his representative capacity as Administrator of the Estate of Clemmie A. Moore, Deceased, Joe Utay brought this action against A. J. Urbish to recover on a promissory note, payable on demand, dated July 15, 1963, in the principal sum of $18,000 executed by Mr. Urbish in favor of Clemmie A. Moore during her lifetime. Urbish asserted two principal defenses: (1) that the note sued upon had been cancelled and released by virtue of a written novation agreement entered into by Mr. Urbish and Mrs. Moore on August 8, 1963; and (2) that after Mrs. Moore's death, the sole heir at law and beneficiary of Mrs. Moore's estate, Mrs. McCaw, released Mr. Urbish from all obligations under the note confirming the prior agreement between Mr. Urbish and Mrs. Moore. The administrator, by supplemental petitions, responded to these defenses by asserting that (1) the alleged instrument of August 8, 1963 was, as a matter of law, testamentary in character and had not been admitted to probate; (2) or, if not testamentary, then it was lacking in consideration; (3) that the instrument executed by Mrs. McCaw was of no validity because (a) she had no authority to execute such a release while the estate was being administered; and (b) the same was lacking in consideration.

The case proceeded to trial before the court and a jury and in response to special issues submitted the jury made the following material findings: (1) Mrs. Moore signed the written instrument dated August 8, 1963; (2) that she signed the instrument on condition that interest on the note would be paid by Mr. Urbish as long as Mrs. Moore lived; (3) that Mr. Urbish did pay the interest on the note as long as Mrs. Moore lived; (6) that Mrs. McCaw signed the written instrument dated March 3, 1964; and (7) Mrs. McCaw received nothing of value for signing such instrument. The trial court rendered judgment denying the administrator any relief against Mr. Urbish. The administrator has perfected this appeal. We affirm.

In a number of points, grouped for consideration, appellant argues forcefully that the written instrument signed by Mrs. Moore on August 8, 1963 was nothing more than Mrs. Moore's will, same being testamentary in character, as a matter of law, and since such will had not been admitted to probate it was wholly ineffective. Appellee counters these points with the contention that the instrument in question, when considered in the light of the express terms thereof, as well as the attending circumstances surrounding the execution thereof, clearly negates the idea that same possessses testamentary character but on the contrary was a valid novation agreement. Appellee also contends that if the record presents issues of fact as to whether the instrument in question was testamentary in character such issues were decided adversely to appellant's contention by

the implied findings of the trial court upon which judgment was rendered.

Mrs. Clemmie Moore died January 15, 1964. According to the testimony Mrs. Moore had been a very close friend of the Urbish family for a period of 39 years prior to her death. The facts revealed that Mrs. Moore called upon Mr. Urbish from time to time for business advice and counsel which he frequently and freely gave to her. Valuable gifts had been exchanged between the Urbish family and Mrs. Moore throughout the years including family heirlooms. Greeting cards from Mrs. Moore to the Urbish family were introduced in evidence, expressing love and affection for the family, in which Mrs. Moore referred to herself as "Aunt Clemmie" or "Aunt C". Mrs. Moore lived alone, very frugally (without invading the corpus of her estate), and at her death left an estate which the administrator estimated at a net minimum value of $75,000 and a net maximum value of $125,000. Mrs. Moore's only relative was a very elderly aunt, a Mrs. McCaw, who lived in Dallas. It was without controversy that Mr. Urbish had borrowed money from Mrs. Moore and had executed the note in question, payable on demand.

On August 8, 1963 the evidence reveals, and the jury found, that Mrs. Moore executed the following instrument:

"Dallas, Texas
8–8–63

My wish is that my good longtime friend, A. J. Urbish note to me is to be considered paid—and cancelled upon my death.

He does not owe me anything.

I wish the interest, etc. to be paid only while I am living.

Mrs. C. A. Moore
(Clemmie Moore)

Witnesses:

8–8–63

Miss Marie Carter
6418 Petain
Dallas, Texas

Pauline Plummer (s)
Notary Public in and for
Dallas County, Texas

I. O. Michna
Shiner, Texas

Beatrice McCoy"

———◆———

Prior to the execution of the above instrument, Mrs. Moore had expressed sympathy for her Urbish friends, due to expenses incurred by Mrs. Urbish's long siege of cancer prior to her death and because of medical and surgical expenses that needed to be incurred for Mr. Urbish's daughter, Mrs. Cochran, who was crippled by rheumatoid arthritis. Mr. Urbish was 88 years of age and an invalid, attending court on a hospital bed. At the time of the execution of the above instrument, Mrs. Moore stated that she did not want Mr. Urbish to pay the principal of the note, but did want him to pay interest thereon, so long as she lived, so that she would have what she termed some "pin money". Prior to her death, Mrs. Moore told her aunt, Mrs. McCaw, that she did not want Mr. Urbish to pay the note.

The instrument was delivered by Mrs. Moore to Mr. Urbish who retained it until

Mrs. Moore's death. The evidence reveals that Mr. Urbish agreed to pay the interest on the note so long as Mrs. Moore lived and that he did do so.

To be effective as a will an instrument must be testamentary in character. Among the essential characteristics of a will, is that it is revocable during the lifetime of the testator, operative to transfer property on his death and ineffectual as a transfer of any rights or interests before that time. 61 Tex.Jur.2d, Wills, § 3, p. 103. An instrument is not a will unless it is executed with testamentary intent.

"The animus testandi does not depend upon the maker's realization that he is making a will, or upon his designation of the instrument as a will, but upon his intention to create a revocable disposition of his property to take effect after his death. It is essential, however, that the maker shall have intended to express his testamentary wishes in the particular instrument offered for probate." Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731 (1955).

In determining the nature and character of the instrument it is the duty of the court to construe the same from the words used therein and the intent of the testator must likewise be determined from such instrument. Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885 (1960).

A careful examination of the instrument in question, in the light of the rules established by our Supreme Court, leads us to the conclusion that the instrument does not possess testamentary character, as a matter of law. We think that the instrument clearly announces Mrs. Moore's intention to cancel the note upon her death based upon the consideration that Mr. Urbish would continue to pay interest thereon as long as she lived. Mrs. Moore did not declare it to be her last will and testament in the presence of witnesses. She showed no intention of retaining to herself the right to revoke the instrument but delivered it at once to Mr. Urbish and thereafter received interest payments pursuant to such instrument. Under such circumstances we think that the rights created by the instrument vested at once and were not revocable as long as Mr. Urbish complied with his agreement to pay the interest during Mrs. Moore's lifetime. In re Craft Estate, 358 S.W.2d 732 (Tex.Civ.App., Amarillo 1962, writ ref'd); 57 Am.Jur., § 33, p. 58.

Even if there should be considered issues of fact presented by the record as to whether the instrument in question was testamentary in character such issues have been foreclosed against appellant administrator by the implied findings of the trial court. Such issues must be presumed to have been found by the court in support of the judgment. Rule 279, Vernon's Texas Rules of Civil Procedure; Harper v. Meyer, 274 S.W.2d 904 (Tex.Civ.App., Galveston 1955, writ ref'd n. r. e.).

An examination of this record reveals that appellee Urbish adequately sustained his burden of establishing his defense of cancellation of the note perforce the novation agreement entered into between him and Mrs. Moore on August 8, 1963. To constitute a valid novation four essential elements must be proven: a previous valid obligation; a mutual agreement of all parties to acceptance of a new contract; a substitution of the new contract for the old, effecting its extinguishment; and a valid new agreement. 41 Tex.Jur.2d, Novation, § 7, p. 554. An express release is not necessary to effect a discharge of an original obligation by novation. The intent or agreement to accept the new obligation in lieu and discharge of the old one may be inferred from the facts and circumstances and conduct of the parties. A novation agreement need not be in writing or evidenced by express words since, like any other ultimate fact, it may be inferred from the acts and conduct of the parties and other facts and circumstances. 41 Tex.Jur.2d, Novation, § 12, p. 564; Chas-

tain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422 (1953). The record reveals ample evidence to support all of the essential elements of a novation. There is no question concerning the prior valid obligation in the form of the promissory note. The evidence reveals the mutual pact between Mr. Urbish and Mrs. Moore whereby Mr. Urbish agreed to pay interest on the note as long as Mrs. Moore lived, which brought into being a new agreement perfectly valid in law.

■ Appellant administrator, in a number of points, contends that the alleged novation agreement is of no legal effect because the same lacks consideration. This contention cannot be sustained for two reasons. First, the Negotiable Instruments Act, Art. 5939, Sec. 119, Vernon's Ann. Tex.Civ.St., provides that a negotiable instrument may be discharged: "3. By the intentional cancellation thereof by the holder." Art. 5939, Sec. 122, V.A.C.S., provides: "The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity." See also 9 Tex.Jur.2d, § 205, p. 226.

■ However, any doubt that may exist in law concerning the necessity for a consideration to support a cancellation of a negotiable instrument is set at rest by the facts revealed by this record which clearly demonstrate the existence of a valid consideration. The findings of the jury to the effect that Mrs. Moore executed the agreement releasing Mr. Urbish from payment of the principal of the note on condition that he pay the interest as long as she lived, and that he did pay the interest on the note so long as she lived, are amply supported by the evidence. The payment by Urbish of the interest on the note for the remainder of Mrs. Moore's life was not the performance of an act for which he was already legally obligated, as contended by appellant administrator. The note, being payable upon demand, could have been paid by Mr. Urbish at any time,

thereby bringing to an immediate end the requirement of interest payment. Instead, he performed his part of the novation agreement by making payment of the interest to Mrs. Moore until she died. This, in our opinion, was adequate consideration in support of the novation agreement.

■ Appellant levels a complaint against the court's action in submitting Special Issue No. 2 wherein the inquiry is made as to whether Mrs. Moore signed the release "on condition" that Mr. Urbish pay interest as long as she lived, and the jury's affirmative answer thereto, because such issue and findings do not constitute adequate revelation that there was any valid consideration to support Mrs. Moore's agreement. Appellant predicates his argument on the basis that "condition" and "consideration" are not synonymous terms and therefore the mere finding that she executed the instrument "on condition" that Mr. Urbish pay the interest does not amount to a finding that such constituted "consideration". We cannot agree with appellant's contention. While it is true that there is a distinction between "consideration" and a "condition" it has been held that where difficulty arises as to the proper determination of whether words of condition in a promise indicate a request for consideration or state a mere condition in a gratuitous promise, the test should be whether or not the happening of the condition will be a benefit to the promissor. If so, it is a fair inference that the happening was requested as a consideration. 12 Am. Jur., § 77, p. 569, and cases therein cited. We think a fair construction of the issue submitted by the court clearly indicates that the word "condition" as used in the issue was a request for consideration from Mr. Urbish. We find no reversible error reflected in this regard and overrule appellant's contention.

Our disposition of appellant's points, as above related, renders it unnecessary that we pass upon or consider the remaining

points which attack the release executed by Mrs. McCaw.

The judgment of the trial court is affirmed.