IN RE ESTATE OF IKE, DECEASED.

(No. 17-81-27—Decided September 28, 1982.)

Mr. David B. Shuffelton, for appellant.

Mr. James Shenk, for appellee.

COLE, P.J. This is an appeal from a judgment of the Probate Division of the Court of Common Pleas of Shelby County. On June 5, 1981, Noel H. Ike, appellant herein, filed, in the proceedings relative to the estate of Arthur E. Ike, deceased, an application to probate, as a will, a certain document in the form of an Ohio warranty deed. The document was on a standard deed form, Tutblanx Form No. 602, and conveyed with standard warranties in standard deed form, certain lands from Arthur E. Ike, in consideration of love and affection, to Noel H. Ike. The deed was dated April 12, 1972, signed by Arthur E. Ike, witnessed by two witnesses and acknowledged before a notary public. Arthur E. Ike died on September 28, 1980, and the deed had been filed for record on October 6, 1980 and was duly recorded in the deed records of Shelby County. Subsequently in another case (case No. 80CV-342), a judgment had been entered ordering that the property be reconveyed because there had been no valid delivery of the deed by the grantor during his lifetime.

It was the specific contention of the appellant that the document, although ineffective as a deed, was effective as a will, and he offered evidence extraneous to the document to show the grantor intended by the document to effect a testamentary disposition of the real estate.

The trial court, after a full hearing at which some of the proffered evidence was admitted, and some excluded, found that the document proffered was not a will and was not entitled to probate. Subsequent to this judgment, Noel H. Ike filed his notice of appeal and asserts three assignments of error:

1. That the trial court erred in refusing to admit certain evidence as to a prior similar event concerning the estate of the wife of Arthur E. Ike.

2. That the court erred in admitting evidence showing Noel H. Ike's characterization of the document in question as a deed.

3. That the judgment of the court was against the manifest weight of the evidence showing testamentary intention by Arthur E. Ike.

All of these assignments are related to, and determined by, certain fundamental inquiries pertaining to the nature of the document, its legal effect and the use of parol or extrinsic evidence to establish a testamentary intent, and the separate assignments of error will be determined by this more general determination.

It is our conclusion that the trial court was correct in determining that the document was not a will and that no extrinsic evidence should be permitted to establish a testamentary intent when no such intention was apparent on the face of the document.

R.C. 2107.01 deals with the definition of a "will" but the definition is redundant using "will" to define "will." R.C. 2107.03 sets forth the formal requisites of a will and reads as follows:

"Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

Thus again there is no specific statutory definition of the term "will" but it is apparent that except for the very limited and special nuncupative or oral will defined in R.C 2107.60, all wills must be in writing. This is a basic and fundamental requirement.

It must also be noted that courts have defined the term "will" as here considered.

In *Central Trust Co.* v. *McCarthy* (1943), 73 Ohio App. 431 [29 O.O. 123], the court was concerned with a trust instrument. It stated, at page 439,

"So we hold that this trust agreement lacks the essential element of a will, to wit, a provision to pass title upon the death of the owner * * *."

In *Underwood* v. *Rutan* (1920), 101 Ohio St. 306, 310, the court stated as to the document there proposed as a will:

"While the usual testamentary words are not utilized in this instrument, the language used, supplemented by the testimony of the witnesses, is sufficient to disclose that the instrument in question was intended to be a will and a testamentary disposition of the property in case of death."

79 American Jurisprudence 2d 276-277, Wills, Section 6, states:

"Testamentary character, no less than execution in accordance with the requirements of the law, is requisite to the existence of a valid will. An instrument which accomplishes nothing of a testamentary character is not a will, even though it may purport to be such an instrument and be executed with all the testamentary formalities. An instrument is testamentary in character where, *from the language used,* it is apparent that the writer intended to make a disposition of his property, or some part thereof, *to be effective at his death.* * * *" (Emphasis added.)

Thus a will must be in writing, executed with certain formalities and by its language demonstrate, at the minimum, a testamentary intent, *i.e.,* a disposition of property to take effect only at death.

Here it is quite clear that the document does not on its face, and by the language used, constitute a demonstration of a testamentary disposition. It is in the form and language of a standard deed and conveys by its language an immediate and present interest. It makes no reference at all to any future interest or to a limitation of conveyance until the occurrence of the death of the maker. It is not

ambulatory in nature taking effect only on death, but constitutes an unconditional present conveyance.

Thus, the one basic irreducible minimum is that a will on its face must demonstrate some testamentary intention and have reference to a disposition conditioned upon being effective only upon the death of the maker. Here the language is insufficient to establish *any* intent that the instrument be a testamentary disposition. It, on its face, is an instrument conveying a present interest needing only delivery to make it fully effective at once. It is in no way conditioned upon death of the maker.

But delivery, of course, is an act, not a writing. The Ohio statute does not authorize testamentary disposition by act of delivery but only by written instrument and this writing makes no testamentary disposition.

However, appellant would assert that even if, on its face, the document is not testamentary in character that element can be established by circumstances and events and statements dehors the instrument to establish the testamentary intent.

Again we would conclude that this is not the case. To hold otherwise would completely disregard the requirement that the written document itself demonstrate some testamentary character. It does not use extrinsic evidence to clarify or resolve an ambiguity in meaning, but to add something to the document which is not there. Other states have been concerned with this problem.

In *In re Boucher's Estate* (1951), 329 Mich. 569, 46 N.W. 2d 577, the court upheld the trial court when the "trial judge held that an intent, contrary to that shown by the unambiguous language of the instrument, could not be proved by extrinsic evidence."

Further: "In order to construe the instrument as a will it must operate only and by reason of the death of the maker * * *." *Id.* at 571.

In *Noble* v. *Fickes* (1907), 230 Ill. 594, 82 N.E. 950, the Illinois Supreme Court, at pages 606-607, stated:

"* * * If an unambiguous deed, which on its face purports to convey a present interest, can be converted into a will by proving an *animo testandi* in the maker by parol evidence, the effect is not only to change the legal character of the instrument, but to engraft upon it one of the essentials of a will by parol, in the face of our statute, which requires all wills to be in writing.

"* * *

"Our conclusion is that it would be an unsafe rule to hold that an undelivered deed, which by chance happened to be attested by two witnesses, could be converted into a will by parol evidence."

It should be noted that *Kniebbe* v. *Wade* (1954), 161 Ohio St. 294 [53 O.O. 175], dealing with undelivered mutual deeds, is not here pertinent. There was no attempt to establish those deeds as wills. The court referred to them as intended to be testamentary in character, but in so doing referred generally to the purpose of the scheme or design. The issue as to whether that design can be used to add the essential element of testamentary intent to a document clearly not conditioned upon death was not ruled upon.

It is our conclusion that the trial court was correct in its determination that the deed was not a will and that irrespective of the scope of the evidentiary hearing permitted in the court below, where the document displays on its face no testamentary intent, that intent cannot be added by extrinsic evidence of any kind. None of the errors assigned is therefore well-taken.

*Judgment affirmed.*

MILLER and GUERNSEY, JJ., concur.