**Ronald J. KOELZER, Appellant,**

v.

**Patrizzio PIZZIRANI and Jolinda Pizzirani, Appellees.**

No. 2–85–261–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 2, 1986.

Thomas A. Giltner, Dallas, Tex., for appellant.

Lane-Ray-Getchell-Farris-Schleier and Richard L. Schleier, Jr., Bailey & Wright and Vaughn L. Bailey, Fort Worth, for appellees.

Before JOE SPURLOCK, II, HILL and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

HUGHES, Justice (Retired, Sitting by Assignment).

Ronald J. Koelzer has appealed the judgment rendered against him in a *de novo* trial in the county court after his appeal to that court from an adverse forcible entry and detainer judgment in the justice court. In the county court, the landlords, Patrizzio Pizzirani and Jolinda Pizzirani also sought damages for lost rentals and attorneys' fees. Koelzer, by counterclaim, sought damages for the wrongful retention of his security deposit. The bench trial resulted in a judgment against Koelzer for $4,600.00 damages, $2,700.00 attorneys' fees and against him on his cross action for the return of his $1,200.00 security deposit.

We reform and affirm in part and reverse and remand in part.

Appellant leased a house from appellees. The lease was from month-to-month beginning on September 20, 1984, and could be terminated by either party on 30 days notice. In addition, the lease provided that appellees or their agent could enter the property at all reasonable hours to show it to prospective buyers. Appellant had been a tenant of this property for approximately one year prior to the execution of this lease and had paid $1,200.00 security deposit at the time he originally took possession of the property.

On several occasions beginning in October, 1984, appellant refused to allow prospective buyers of the property to see the leased premises. On October 29, 1984, ap-

pellees mailed the 30 day notice of termination to appellant by certified mail, return receipt requested. On November 9, 1984, a third party offered to lease the premises for a period of six months beginning on December 1, 1984. On November 14, 1984, appellant paid by mail the rent due on November 20, 1984. On November 15, 1984, appellant signed for and received the notice of termination. On November 19, 1984, appellant's rent check for the period November 20, 1984 through December 20, 1984, cleared the bank. On this same date appellees filed a forcible entry and detainer action against appellant seeking possession of the property beginning November 29, 1984. Thereafter, appellant told appellees' attorney by telephone that he was constructing a new home and had no intention of leaving the leased premises before January 15, 1985.

On December 7, 1984, the hearing on appellees' complaint was held. Appellees' complaint was dismissed. Later that same day, appellees filed a second forcible detainer action in the justice court. Then, on December 14, 1984, appellant paid by mail the rent due on December 20, 1984. On December 28, 1984, the justice court awarded appellees possession of the property. On January 15, 1985, appellant appealed this decision. On January 21, 1985, appellant surrendered the property to appellees. On this same date appellees' agent negotiated appellant's rent check dated December 14, 1984 for the period December 20, 1984 through January 20, 1985.

Thereafter, on January 24, 1985, appellees filed this suit in the county court at law seeking restitution of the property, recovery of damages for anticipatory repudiation and breach of the lease, and attorneys' fees. On January 30, 1985, Rhonda Johnston wrote to appellees on behalf of appellant concerning some water floats left on the leased premises. In that letter Johnston wrote "you may contact me at my office by mail or phone." Johnston then listed appellant's office address. Thereafter on March 12, 1985, appellant counterclaimed alleging wrongful retention of his

security deposit. At trial, appellant urged defenses of estoppel and novation.

We sustain point of error one in which the trial court was alleged to have erred in holding that the Pizziranis were justified in retaining appellant's security deposit. We overrule point of error two as to the claim that appellant's defenses of estoppel and novation should have been upheld.

We overrule point of error three wherein the trial court is asserted to have erred in not granting appellant's counterclaim for damages and attorneys' fees under TEX. PROP.CODE ANN. sec. 92.109(a) (Vernon 1984).

The county court at law, in the trial of an appealed forcible entry and detainer suit such as this, has the authority to award the prevailing party damages including costs suffered by him in withholding or defending possession. *See* TEX.R. CIV.P. 752. In this connection, measure of damages in such an appeal is the reasonable rental value of the property during the pendency of the appeal. *See Rushing v. Smith*, 630 S.W.2d 498, 499 (Tex.App.—Amarillo 1982, no writ); *Hart v. Keller Properties*, 567 S.W.2d 888, 889 (Tex.Civ. App.—Dallas 1978, no writ). The same rule 752 provides that only the prevailing party is entitled to recover damages suffered for withholding or defending possession. We emphasize that damages are for expenses and losses related to maintaining or defending possession. However, rule 752 states that damages shall include but are not limited to, loss of rentals.

In the case at hand, lost rentals were based upon the theory that the new lessee would have paid $1,150.00 per month for six months, beginning December 1, 1984, were it not for appellant's failure to give up possession. Recovery was based upon the four months' lost rental under the proposed lease after appellant vacated the premises. We do not address the issue as to whether rentals for a time subsequent to surrender of premises is a proper element of damages under the above stated rules and authorities, since the question is not raised. What is questioned by appellant is

the sufficiency of proof that the new lessee was "ready, willing and able to perform the proposed lease."

■ Appellees' rental agent testified that with the knowledge and approval of the owners she negotiated a six months lease with a Mr. and Mrs. Wright for $1,150.00 per month. They signed the lease in her presence and she accepted their deposit of a check in the amount of $1,000.00. The check was not cashed because possession could not be delivered at the agreed beginning date of the lease. On this point, no authority is cited by appellant and consequently there is no reason to disturb the trial court's finding that the lease agreement was bona fide. Likewise, appellant's complaint about the award of attorneys' fees of $2,700.00 is not supported by any authority. We do find however, that the fee testimony included $600.00 for six hours of time spent in answering the counterclaim, and we consequently hold that the judgment should be reformed to award $2,100.00 rather than $2,700.00 because the answering of the counterclaim is not involved in damages suffered by withholding possession.

■ Appellant's contention that the doctrines of estoppel and novation preclude a recovery by appellees cannot be sustained. No issue of estoppel was raised by the evidence. Estoppel is a rule of equity applied to prevent a person from taking advantage of a condition or situation when, with the knowledge of the facts, he has so conducted himself to cause the other party to change his position for the worse and results in the former being prohibited from asserting an otherwise valid right. *The Praetorians v. Strickland*, 66 S.W.2d 686, 688–89 (Tex.Comm'n App.1933).

■ Koelzer never presented any evidence that he had ever changed any position he had taken since the day he first received notice of termination of the lease from appellees. On the contrary, upon the day he received notice of termination of the lease, he told the appellees' attorney that he would not vacate the premises until January 15, 1985, a time when he expected to complete a house he was constructing. He also told their agent, Mary Moseley, the same thing during the second week of November. He did exactly as he said he would and did not vacate the premises until January 20, 1985.

■ Neither did Koelzer show that acceptance of November and December rent prohibited him from asserting an otherwise valid right. On the contrary, all he did was pay rental during the period of his holdover. A hold-over tenant is liable to his landlord for rental during the period of his hold-over tenancy. *Curtiss Aero. & M. Corp. v. Haymakers Warehousing Corp.*, 264 S.W. 326, 328–29 (Tex.Civ.App.—Galveston 1924, writ dism'd).

■ There is, likewise, no evidence to support the novation theory. Appellant correctly states that a novation requires (1) a previous valid obligation; (2) the agreement of all parties to a new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract with further consideration. *McKinney v. Flato Brothers, Inc.*, 397 S.W.2d 525, 529 (Tex. Civ.App.—Corpus Christi 1965, no writ). It has also been held that the novation of agreement need not be in writing or evidenced by express words, but may be inferred from the acts and conduct of the parties and other facts and circumstances. *Utay v. Urbish*, 433 S.W.2d 905, 909–10 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r. e.).

■ The evidence presented to the trial court showed no new agreement between the parties after the owners first gave notice to appellant of termination of the lease on October 29, 1984. Rather, the evidence shows that they never wavered in their attempts to evict him from the property. By their notice of October 29, 1984, the owners terminated the lease effective November 29, 1984. On November 19, 1984, they filed a complaint for forcible detainer for possession of the leased premises. On December 2, 1984, the first trial was held on this complaint. On the same day a

second complaint for forcible detainer was filed and a trial was held on that complaint on December 28, 1984. After the justice court held that the owners were entitled to recover possession of their property, Koelzer appealed to the county court at law and thereafter the owners continued to prosecute their complaint for forcible detainer and for damages for Koelzer's failure to vacate the leased premises after termination of the lease.

In the absence of a showing of a new agreement, one certainly cannot be inferred from the acts of the parties described above. Consequently, the trial court correctly declined to find either novation or estoppel to be a defense.

■ As to the portion of the judgment which denies relief to Koelzer on his counterclaim for damages for bad faith retention of security deposit, we must reverse and remand. Koelzer has the right under TEX.PROP.CODE ANN. sec. 92.109 (Vernon 1984), to sue for such damages plus attorneys' fees but he is not entitled to do so in this forcible entry and detainer action. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 309 (1935).

We affirm the judgment of the trial court as reformed to award attorneys' fees in the sum of $2,100.00, except the portion of the judgment which denies relief to appellant and upholds the finding that the Pizziranis are entitled to retain the $1,200.00 cost deposit. That portion of the judgment is reversed and remanded to the trial court for severance.