JOURNAL ENTRY AND OPINION.
{¶ 1} Charles Rosenbaum, guardian of the estate of Daniel J. Rosenbaum and trustee of the Daniel J. Rosenbaum Special Needs Trust, appeals from a probate court order denying his motion for leave to amend the trust. The guardian asserts that the court erred by holding that it did not have the power to approve the amendment. He argues that the amendment would not make a will for the ward (as the court found), and that the court failed to resolve a conflict between general guardianship law and the specific laws governing special needs trusts. He also claims the court's decision was against the ward's best interests.
 PROCEEDINGS BELOW {¶ 2} On November 29, 2001, the court appointed Charles C. Rosenbaum as trustee of the Daniel J. Rosenbaum Special Needs Trust. On March 13, 2002, the trustee filed a motion asking the court to amend the trust pursuant to the powers granted to the court by Article II of the trust document. The original trust agreement and the proposed amendment are attached to the motion to amend.
 {¶ 3} The original trust agreement provided that funds from a settlement of a personal injury action would be delivered to the trustee. The trustee would administer the trust and pay income and/or principal for the benefit of the beneficiary "as the Trustee in his sole discretion may from time to time deem necessary or advisable. If [the beneficiary] is receiving Medicaid or other need based benefits, and, in the trustee's sole and absolute discretion, maintenance of such benefits is in the best interest of [the beneficiary], such distributions shall be limited to the provision of supplemental services for the satisfaction of [the beneficiary's] special needs." Among other things, the trustee is required to obtain court approval before making any distribution and to take into consideration any "entitlement benefits" the beneficiary is receiving, including Supplemental Security Income, Medicare and Medicaid.
 {¶ 4} The original trust agreement provides that the trust will terminate on the beneficiary's death. At that time, any remaining funds are to be paid proportionately to each state that provided medical assistance to him; any remaining assets are to be distributed to the beneficiary's estate. The trust agreement specifically states that it is governed by the laws of the state of Ohio.
 {¶ 5} The original trust agreement states that it is irrevocable and cannot be amended, revoked or terminated. However, "the Trustee and the Guardian shall have authority to revoke this Trust or amend the terms hereof, with prior Court approval, to carry out the intention of the Court and the parties hereto or in the event that the laws or regulations concerning benefit programs change hereafter or if such revocation or amendment is in the best interest of [the beneficiary]."
 {¶ 6} The trustee moved the court to amend the trust on March 13, 2002. The motion to amend asserted that the Social Security Administration ("SSA") had denied supplemental security income ("SSI") benefits to the beneficiary because the amount of funds in the trust exceeded the limit of allowable resources for an award of SSI. The SSA found the trust was revocable and therefore determined that the trust funds were available to the beneficiary. The trustee asserts that the reason for this finding was that the beneficiary's estate was the only residual beneficiary of the trust; to be considered irrevocable, a named residual beneficiary was required.
 {¶ 7} The proposed amendment to the trust alters the final distribution of trust assets following the death of the beneficiary. Each state that has provided medical assistance to the beneficiary is given a proportionate share of the trust assets up to the total amount paid. The trustee may then pay funeral, burial, estate administration, probate and tax expenses. Any remaining assets are to be distributed as the beneficiary appoints in his will. If the beneficiary does not exercise his power of appointment, then the assets are to be distributed to his wife and/or issue under the then-current laws of intestacy. If he is not survived by a wife and/or issue, the trust assets are to be distributed equally to the beneficiary's parents or the survivor of them. If neither of them survives, the remaining assets are to be distributed to the beneficiary's sister.
 {¶ 8} The court denied the motion to amend the trust. The court held that under R.C. 2111.50(B), it did not have the power to make or revoke a will for a ward of the court. The court found that the proposed amendment would amount to a testamentary disposition of property of a ward, and was therefore prohibited by R.C. 2111.50.
 LAW AND ANALYSIS {¶ 9} This case results from a convergence of the laws governing guardianships, trusts, and supplemental security income. It implicates the varying powers exercised by the social security administration, on the one hand, and the probate court, on the other. Though judicial economy would dictate that we resolve all aspects of this matter in a single proceeding, we must be mindful of the limits of our jurisdiction. The scope of the proceedings before the probate court limits the issues we may consider in this appeal. This court can only examine the question whether the probate court, as the superior guardian of all wards under its jurisdiction, had the power to amend a trust agreement to dispose of trust assets following the death of the beneficiary. We find that it did not.
 {¶ 10} The original trust was established by the guardian of the disabled individual and the probate court. Pursuant to R.C. 2111.50, the probate court is the superior guardian of wards subject to its jurisdiction, and has all the powers the ward would have if he or she were not under a disability, "except the power to make or revoke a will." "These powers include, but are not limited to, the power" to, e.g., "create revocable trusts of property of the estate of the person, that may not extend beyond the * * * disability, or life of the person or ward." (Emphasis added.)
 {¶ 11} We agree with the probate court that the proposed amendment to the trust document, specifically disposing of trust property following the death of the beneficiary, would effectively make a will for the ward and is therefore beyond the court's power as guardian. Although there is no specific statutory definition of a "will," case law and statutes make it clear that "a will must be in writing, executed with certain formalities and by its language demonstrate, at the minimum, a testamentary intent, i.e., a disposition of property to take effect only at death." In re Estate of Ike (1982), 7 Ohio App.3d 87, 88. "[T]he one basic irreducible minimum is that a will on its face must demonstrate some testamentary intention and have reference to a disposition conditioned upon being effective only upon the death of the maker." Id. at 89. When a guardian places the ward's assets in trust for the ward's benefit, a trust provision disposing of the assets upon the death of the ward effectively makes a will for the ward.
 {¶ 12} It is irrelevant that the testamentary language follows the law of descent and distribution that would be followed in the absence of a will. The ward may or may not have the testamentary capacity to make a will on his own behalf. The guardian cannot exercise that power for the ward.
 {¶ 13} Nor is there any conflict between R.C. 2111.50 and federal laws governing "special needs" trusts.[1] "Special needs" trusts are a means of removing assets from consideration in assessing an individual's eligibility for SSI or Medicaid benefits, which are distributed based on need.[2] The provisions governing special needs trusts do not require a testamentary disposition of trust property, the essential problem the probate court found with the proposed amendment to the trust here. While appellant urges that the social security administration requires named residual beneficiaries for all trust property in order to consider the trust to be irrevocable, the trust does not need to be irrevocable to meet the requirements of a "special needs trust" set forth in § 1396p(d)(4); the exception makes no distinction between revocable and irrevocable trusts, so it appears that the trust may even be revocable and still be excepted. Therefore, we do not perceive any necessary conflict between R.C. 2111.50 and the laws governing special needs trusts.
 {¶ 14} More important, the fact that federal law allows an individual to set aside assets in a trust so that they will not be included as an available resource for purposes of determining Medicaid or SSI eligibility does not mean that state law must allow him to do so. The general rule is that trust funds are considered available resources of the individual; § 1396p(d)(4) represents an exception to that rule. We are not aware of any reason why state law must allow an individual to qualify for this exception.
 {¶ 15} We recognize that the trustee's counsel is trying to preserve the assets of the disabled individual and obtain the maximum benefits available to him. We applaud this effort. However, Ohio guardianship law does not allow him to take this shortcut around the social security administration's apparently mistaken concerns.[3]
Affirmed.
Timothy E. Mcmonagle, A.J. Concurs In Judgment Only With Attached Separate Concurring Opinion.
Colleen Conway Cooney, J. Concurs In Judgment Only With Judge Mcmonagle's Attached Separate Concurring Opinion.
[1] {¶ a} We are not aware of any state statutes governing "special needs trusts." But cf. R.C. 1339.51 and 5111.15, concerning "supplemental needs trusts," which apparently are somewhat different from special needs trusts in that they are created by another person on behalf of the disabled individual.
{¶ b} In fact, the only place in which the term "special needs trust" appears in the governing laws is a state regulation describing when trust funds are an available resource for purposes of determining Medicaid eligibility. Ohio Adm. Code 5101:1-39-271(C)(7). The elements of a "special needs trust" under this regulation appears to be the same as those for a trust which is not considered an available resource for purposes of Medicaid and SSI eligibility under 42 U.S.C. § 1382b(e)(5) and 1396p(d)(4).
[2] In general, the corpus of a revocable trust and the portions of the corpus of an irrevocable trust which are available for the benefit of the individual who established it are considered a resource available to the individual which must be depleted before he or she is eligible for SSI.42 U.S.C. § 1382b(e). However, this rule does not apply to a trust described in 42 U.S.C. § 1396p(d)(4). 42 U.S.C. § 1382b(e)(5). Section 1396p(d)concerns the treatment of trust funds for the purpose of determining eligibility for (or the amount of) Medicaid. Like § 1382b(e), it provides that the corpus of a revocable trust and the portions of the corpus of an irrevocable trust which are available for the benefit of the individual who established it are a resource available to the individual which must be depleted before the individual is eligible for Medicaid. Subsection 4 of § 1396p(d) describes three types of trusts to which this rule does not apply, only one of which is relevant here. A trust containing the assets of a disabled individual under age 65 which is established for the individual's benefit by a legal guardian or court is not considered a resource available to the individual for purposes of determining Medicaid eligibility "if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this title."
[3] Appellant has appealed the social security administration's decision; appellant advised the court that that matter remained pending at the time of oral argument. It appears that the social security administration is mistaken at two levels. First, its assertion that the trust is revocable was previously rejected by the United States District Court for the Southern District of Ohio in Quinchett v. Massanari
(S.D.Ohio 2001), 185 F. Supp.2d 845 . Second, under the terms of42 U.S.C. § 1396p(d)(4), it does not appear to matter whether a special needs trust is revocable or irrevocable.