OPINION
{¶ 1} The appellant, Romane Rickels, appeals the July 3, 2003 judgment of the Common Pleas Court, Probate Division, of Paulding County, Ohio, which determined that the appellant's aunt, Minnie Rickels, died intestate.
 {¶ 2} On October 20, 2002, Minnie Rickels ("decedent") died at the age of eighty-nine. Thereafter, the decedent's will, dated January 2, 1996, was filed in the probate court on January 3, 2003. However, on February 14, 2003, the appellant filed an application to probate what he purported to be the decedent's will of later date (hereinafter "document") in accordance with R.C. 2107.22. This document consisted of four pages, all of which were signed by the decedent, and included the signatures of three disinterested witnesses.
 {¶ 3} A dispute arose as to this document, and a hearing was held on the matter. After hearing the evidence presented, the trial court determined that the document submitted by the appellant was not a will because it lacked testamentary intent and failed to make any testamentary dispositions of property. However, the trial court found that the document, which was properly signed, attested, and subscribed pursuant to R.C. 2107.03, contained language sufficient to revoke all prior wills and codicils. Thus, the court held that the 1996 will had been revoked, and the decedent died intestate. This appeal followed, and the appellant now asserts one assignment of error.
The Trial Court erred in the decision that the Decedent Minnie Rickels'Will, dated Nov. 8, 2000, is invalid as a Will for lack of disposition ofthe Decedent's property effective only at her death. Ref. Judgment Entryof July 3, 2003, page 3, item #2.
 {¶ 4} R.C. 2107.03 requires that "every last will and testament shall be in writing, but may be handwritten or typewritten." In addition, it "shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe[.]" R.C. 2107.03. Last, the language of the will must "illustrate, at the minimum, a testamentary intent, i.e., a disposition of property to take effect only at death." In re Estate of Ike (1982), 7 Ohio App.3d 87, paragraph one of the syllabus. It is this latter requirement that is the subject of the current appeal.
 {¶ 5} The document submitted by Appellant, which purports to be the last will and testament of the decedent, consists of the following relevant paragraphs:
2. I affirm with personal knowledge that I became the first person inPaulding County to execute a Transfer-On-Death, General Warrenty [sic]Deed, of my farm to my nephew and caregiver, Romane J. Rickels, signed7-23-2000, Court House recorded 8-30-2000.
 3. I affirm that I wish with this affidavit, which reflects Ohio HouseBill 313; Estates, Avoid-Probate, to leave all of my personal property tomy nephew and caregiver, Romane J. Rickels, and make null and void all ofmy Last Will Testament and codicills [sic].
 4. I affirm that I wish the following bank accounts, safe depositsboxes and any other account to be Paid-On-Death to my nephew, Romane J.Rickels
* * *
Based on these paragraphs, the trial court determined that paragraph 2 reflected a prior transfer of property, paragraph 3 reflected an intention to transfer a present interest in personal property to the appellant in order to avoid probate, and paragraph 4 contained language regarding certain P.O.D. bank accounts. We agree.
 {¶ 6} The only language that remotely demonstrates any testamentary intent is contained in paragraph 3, which states that the decedent wished to leave all her personal property to the appellant. However, it does not purport to do so upon her death. To the contrary, this paragraph specifically states that she desired to "avoid probate." Thus, in an effort to avoid probate, the decedent expressed an intention to transfer a present interest in her personal property to the appellant rather than choosing to devise it to him through the creation of a new will. Moreover, the decedent elected to make null and void any and all of her prior wills and codicils, yet never expressed an intention to create a new will or make a testamentary disposition of her property through this document. Accordingly, the document submitted by the appellant did not constitute a valid will, and the assignment of error is overruled.
 {¶ 7} For these reasons, the judgment of the Common Pleas Court, Probate Division, of Paulding County, Ohio, is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.