OPINION *Page 2 
{¶ 1} Claimant Constance King appeals a judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, which held she had failed to meet her burden of proving the court should admit an alleged will to probate. Appellee is Elizabeth Miles, the sister of the decedent, William T. Tyus, and an heir if decedent died intestate. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENTERING AN INTERLOCUTORY ORDER DENYING THE ADMISSION OF THE WILL OF WILLIAM TYUS PURSUANT TO O.R. SEC. 2107.19.
 {¶ 3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN SETTING A HEARING ON THE ADMISSION OF THE WILL OF WILLIAM TYUS AND THEN WRONGFULLY ACTED AS THE TRIER OF FACT AND DETERMINED THE CREDIBILITY OF THE WITNESSES TO BASE ITS DECISION TO DISALLOW THE ADMISSION OF THE WILL.
 {¶ 4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE STANDARD TO ESTABLISH FOR THE ADMISSION OF THE WILL AS CLEAR AND CONVINCING INSTEAD OF THE CORRECT STANDARD WHICH IS A PRIMA FACIE CASE AS ESTABLISHED BY THE EVIDENCE THEN THE WILL COMPORTS TO THE REQUIREMENTS OF R.C. SEC. 2107.18 AND IS ADMITTED."
 {¶ 5} The decedent died on August 6, 2006, at age 63. On October 3, 2006, appellant offered a one page document for probate. The document is headed "To Whom It May Concern", and it begins "I, William Thorton Tyus, hereby give all my earthy [sic] goods to Constance [sic] King (known as Connie)". The document lists *Page 3 
decedent's three vehicles, all his televisions, an air conditioner, an air compressor PSI 75 Series 375 pounds, his savings at United Bank and any other bank, all tools, spray gun (the works), cherry picker and anything else that belongs to or has decedent's name on it. The document also states "let it be known, that anything that Connie doesn't want, she will give to my daughter, Regina Marie Frank." The document closes with the words "I, William Thorton Tyus, being in sound mind date this letter on June 11, 2002." The document was notarized on August 15, 2002, stating William T. Tyus, Grantor, and Mary Lovee Cox, witness, signed the document in the notary's presence, being of legal age and sound mind, and signing of their own free will.
 I. {¶ 6} R.C. 2107.181 permits the court to enter an interlocutory order denying probate, and continuing the matter for hearing. We find the court did not abuse its discretion in doing so, and appellant was not prejudiced by the court's determination the matter required a hearing.
 {¶ 7} The first assignment of error is overruled.
 II. III. {¶ 8} In her second and third assignments of error, appellant argues the trial court erred in not accepting the document as a will. She urges the trial court inappropriately weighed the evidence before it, and applied the wrong standard of review.
 {¶ 9} Appellant argues the trial court erred as a matter of law pursuant to R.C. 2107.18. The statute provides: "Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such wills shall be signed at the end *Page 4 
by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."
 {¶ 10} In addition, the document must demonstrate a testamentary intent, that is, a disposition of property to take effect only on the testator's death, see, e.g., In Re: Estate of Ike, Deceased (1982),7 Ohio App. 3d 87, 454 N.E. 2d 577, syllabus by the court, paragraph 1. A will must show testamentary intent on the four corners of the document itself, and evidence of statements, circumstances, or events dehors the instrument may be used by the court to clarify or resolve any ambiguity and meaning, but cannot be utilized to add something to the document which is not there, Id., syllabus by the court, paragraph 2.
 {¶ 11} Appellee asserts this document cannot be considered a will, because nowhere on the document does it indicate it is effective upon the death of the testator.
 {¶ 12} We do not agree. The document refers to all decedent's earth[l] y good" and states decedent is "in sound mind". These are phrases commonly associated with wills. The document purports to dispose of all the decedent's property, and mentions decedent's daughter. The document cannot be construed as an intervivos gift: if the decedent understood what he was signing, he was giving away all he possessed. We conclude the document indicates testamentary intent.
 {¶ 13} Appellee argues to qualify as a will, the document must be revocable, and the document does not state it is revocable. Appellee cites First National Bank of Cincinnati v. Oppenheimer (1963),23 O.O. 2d 19, 190 N.E. 2d 70 which holds a will is *Page 5 
revocable until the testator dies. The document would not qualify as a will if it provided it was irrevocable, but a will does not have to affirmatively state it is revocable.
 {¶ 14} The trial court's judgment entry of November 8 found appellant had failed to meet the requisite burden of proof. In determining whether a document meets the statutory requirements to be construed as a will the trial court applies a preponderance of the evidence standard, seeIn re: Young (1978), 60 Ohio App.2d 390, 397 N.E.2d 1223, 14 O.O.3d 359. Pursuant to R.C. 2107.24, the court applies the clear and convincing standard only if it finds the will was not executed in conformance with R.C. 2107.03. Appellant argues the court applied the clear and convincing standard, but the court made no finding as to whether the document meets the requirements of the statute, and did not state what standard of evidence it applied.
 {¶ 15} A hearing conducted pursuant to R.C.2107.081 is not an adversarial proceeding, see In Re: Estate of Smith (1997),120 Ohio App. 3d 480. The probate court must consider the evidence favorable to a will's validity to determine whether as a matter of law the proponent has made a prima facie case, see, e.g., In Re: Elvin's Will (1946),146 Ohio St. 448, 66 N.E. 2d 629. The trial court may not weigh the evidence or act as a trier of fact, In Re: Estate of Lyons (1957),166 Ohio St. 207, 141 N.E. 2d 151.
 {¶ 16} The trial court approved an amended statement of the record pursuant to App. R. 9, (C) in the absence of a transcript. The court found the witness to the document, Ms. Cox, testified she first wrote by hand what decedent wanted to be put down on paper regarding the distribution of his assets, and then typed it up. She testified the document represented decedent's wishes as to the distribution of his assets when he passed away, and she verified her signature on the document. *Page 6 
 {¶ 17} Ms. Cox testified decedent took her to the notary's home, where decedent presented the document as his last will. The witness testified she believed decedent knew what he was doing and was mentally competent although physically ill.
 {¶ 18} The notary testified he placed the notary clause on the document, and then he, decedent, and Ms. Cox signed the document together. The notary testified he believed decedent knew what he was doing and understood what he was signing.
 {¶ 19} We have reviewed the record, and we find appellant properly set forth a prima facie case for the document to be considered a will. We find the trial court should have determined the document is a will and should have admitted it to probate.
 {¶ 20} The second and third assignments of error are sustained.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 Gwin, P.J., Hoffman, J., and Farmer, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1