# W. C. TALLWATER ET UX V. W. BRODNAX.

No. 7713.  Decided November 19, 1941.
(156 S. W., 2d Series, 142.)

*Albert S. Reagan,* of Dallas, for appellant.

The trial court erred in sustaining the general demurrer to plaintiff's petition, because when taken in its entirety and as a whole said petition did state a good cause of action, and the general demurrer should have been overruled. Reasonover v. Gulf, C. & S. F. Ry. Co., 109 Texas 204, 203 S. W. 592; Erie Tel. Co. v. Grimes, 82 Texas 89, 17 S. W. 831; 33 Tex. Jur. 571.

*Storey, Sanders, Sherrill & Armstrong,* of Dallas, for appellee.

The plaintiffs having based their cause of action for damages on the judgment in the forcible entry and detainer suit it was incumbent upon them to include as a portion of their allegation, the pleadings and issue upon which that judgment was rendered. Scroggins v. Hammond, 121 S. W. (2d) 629; Barraco v. Courthouse Pharmacy, 280 S. W. 307; Patrick v. Roach, 21 Texas 251.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit instituted in the County Court at Law of Dallas County, by W. C. Tallwater and wife against W. Brodnax for the recovery of damages in the aggregate sum of $879.30, alleged to have been suffered by the plaintiffs as proximate result of an alleged wrongful eviction of the plaintiffs, at the instance of the defendant, from a certain building which was lawfully in the possession of the plaintiffs as the tenants of the defendant. A general exception to the plaintiffs' petition was sustained by the trial court, and the cause was dismissed. The plaintiffs Tallwater and wife appealed and the case is now pending on appeal in the Court of Civil Appeals at Dallas. The last mentioned Court has submitted to this court its certificate containing certified questions. In the certificate the material allegations in the plaintiffs' petition are stated substantially as follows:

The Tallwaters, as tenants of Brodnax, were occupying the

premises involved in this controversy. The rental term did not expire until December 6, 1937, and the Tallwaters had paid Brodnax the rentals up to that date. On July 7, 1937, Brodnax, claiming that the rental term had expired, filed suit of forcible entry and detainer, in the Justice Court at Dallas, against the Tallwaters. The trial in the justice court resulted in a judgment of not guilty. "Brodnax then appealed said cause to the County Court at Law No. 2, Dallas County; and on July 24, 1937, during the pendency of said appeal, filed motion for writ of possession after bond had been filed in justice court, as provided by law (Art. 3978). Pursuant to said bond and motion, Brodnax procured an order for writ of possession directed to the constable of said precinct, who, thereafter, under said writ, entered upon the premises in suit, removed therefrom the household property of Tallwater and wife and, on August 19, 1937, placed Brodnax in possession of said property. On March 23, 1938, the pending forcible entry and detainer suit, on said appeal to the county court, was tried to a jury with a verdict for defendants, or 'not guilty'; the final judgment therein being for costs only, as Tallwater's contract of tenancy had expired the preceding December 6, 1937." (Quotation is from the Court's certificate.)

In the instant suit, which was commenced after the forcible entry and detainer suit came to an end, the plaintiffs Tallwater and wife allege in their petition that in executing the writ of possession hereinabove mentioned, the constable, at the instance of Brodnax, wrongfully evicted the plaintiffs from the rented premises, removed all their household goods from said premises and piled same in a public street where they became injured—in some cases entirely destroyed—through no fault of the plaintiffs. The amount of damages suffered on account of this loss is alleged to be $599.30. It is further alleged, in substance, that, because of the wrongful eviction, the plaintiffs lost the use of the rented premises during the unexpired portion of the rental term; the amount of damages in this respect being laid at $30.00. It is further alleged that the plaintiffs incurred liability for attorneys fees in the sum of $250.00 in defending the forcible entry and detainer suit.

The ground upon which the general exception to the plaintiffs' petition was sustained was, in effect, "that plaintiffs were obliged by statute (Art. 3990) to assert said damages in the forcible entry and detainer action, and were precluded from maintaining a subsequent and independent suit therefor."

The certified questions contained in the certificate read as follows:

"(1) Do plaintiffs' claims, as alleged in this independent suit for wrongful eviction, constitute damages within the meaning of Art. 3990 R. C. S., providing that, '* * * if the possession of the premises be not adjudged to the appellant said court shall render judgment also in favor of the appellee and against said appellant and the sureties on his bond for the damages proven and all costs.'

"(2) Is it mandatory under the statute that the injured party assert such damages on the trial of the detainer suit in the county court, the same being within the jurisdiction of such court and arising during the pendency of the statutory proceedings?

"Is Art. 3994 applicable herein, and do the provisions of said statute give appellants the right to maintain the instant suit, regardless of the provisions of Art. 3990?"

Article 3990 of the Revised Statutes reads as follows:

"On the trial of the cause in the county court the appellee shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal and the reasonable expenses of the appellee in prosecuting or defending the cause in the county court; and, if the possession of the premises be not adjudged to the appellant said court shall render judgment also in favor of the appellee and against said appellant and the sureties on his bond for the damages proven and all costs."

Article 3994 reads as follows:

"The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits."

1 The right of the Tallwaters to damages, on account of attorney fees incurred by them in defending the forcible entry and detainer suit, emanates exclusively from the provisions of Article 3990. Perry v. Leuttich, 132 Texas 159, 121 S. W. (2d) 332. Inasmuch as the same statute prescribes the remedy for the enforcement of the right (being the establishment of the claim in the forcible entry and detainer suit), the remedy is exclusive and a right of action for such damages, in an inde-

pendent suit, does not lie. Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084.

2 The other items of damage alleged by the Tallwaters, namely, loss of household goods and loss of use of the rented premises, stand upon a different footing. In each of the last named respects, both the right to damages and the right of action against Brodnax, emanate from the common law. For this reason, the provisions of Article 3994, if needed for the purpose, are available to supply legal justification for the failure of the Tallwaters to urge these items of damages in the forcible entry and detainer suit. In a word, the Tallwaters are entitled to litigate their claim in the present suit. (Compare Scott v. Hewitt, 127 Texas 31, 90 S. W. (2d) 816.)

What we have said sufficiently answers the several certified questions.

Opinion adopted by the Supreme Court November 19, 1941.