Mrs. Delma Stelzer BURNS et al.,
Appellants,

v.

Earl B. JOHNSON et al., Appellees.

No. 5194.

Court of Civil Appeals of Texas,
Waco.

Feb. 8, 1973.

Rehearing Denied March 15, 1973.

Howard D. Pattison, Dallas, for appellants.

Anderson, Henley, Shields, Bradford & Pritchard, W. A. Pritchard, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Mrs. Burns (and her son Stelzer) from summary judgment that they take nothing in a suit in District Court, to recover on an immediate possession bond filed in a forcible detainer suit in Justice Court, and on an appeal bond filed in County Court in an appeal of such case.

Plaintiffs rented a house from Jim Napper located at 13211 Emily in Dallas, and were paying Napper $50 per month rent. Thereafter Napper and Earl Johnson, (defendant in this case) got into litigation over ownership of the property. See Napper v. Johnson, Tex.Civ.App., NRE, 464 S.W.2d 496.

While Johnson and Napper's case was pending, Johnson on November 7, 1969 filed a forcible detainer case against Mrs. Burns in Justice Court, Precinct 1, Place 2, Dallas County, and simultaneously filed bond for immediate possession of the property under Rule 740 Texas Rules of Civil Procedure. Mrs. Burns filed the replevy bond provided for in Rule 740 within 6 days, and thus retained possession. Johnson lost the case in Justice Court, and appealed to County Court at Law No. 2, Dallas County, filing an appeal bond under

Rule 750 TRCP. Mrs. Burns filed a cross action in County Court for damages sustained by Johnson's "unwarranted eviction suit inclusive of attorneys' fees and other costs and expenses of defense." Subsequently Mrs. Burns filed a plea to the jurisdiction of the County Court. On March 18, 1971, the County Court entered judgment decreeing "that neither the Justice Court nor this Court has jurisdiction to try the matter because it involves a question of title", sustained Mrs. Burns' plea to the jurisdiction of the court, and dismissed the case, "at each parties cost incurred by them". The judgment did not mention the cross action filed by Mrs. Burns.

Mrs. Burns (and Stelzer her son) thereafter filed the instant case in District Court to recover on Johnson's bond for immediate possession (filed under Rule 740), and on Johnson's appeal bond (filed under Rule 750).

Plaintiffs' suit seeks recovery for her replevy bond premiums, indemnitor's fees to secure such bond, attorneys' fees, mental anguish, worry, loss of business, and exemplary damages.

The trial court rendered summary judgment plaintiffs take nothing.

Plaintiffs appeal contending the trial court erred in holding none of plaintiffs' damages can be recovered under the terms of the bond for immediate possession, or under the terms of the appeal bond.

As noted Johnson sued Mrs. Burns in Justice Court for unlawful detainer of a house, and filed bond under Rule 740 for possession. Such bond gave Johnson immediate possession unless Mrs. Burns executed replevy bond (which she did), and was conditioned that Johnson pay Mrs. Burns costs of suit and damages which may result to her in the event the suit has been improperly instituted. Johnson lost in Justice Court and appealed to County Court filing appeal bond under Rule 750,

conditioned he "prosecute his said appeal with effect and pay all costs and damages".

Rule 752 TRCP provides on trial of the cause in County Court appellant or appellee shall be permitted to plead and prove his damages if any suffered for withholding or *defending* possession of the premises during the pendency of the appeal and also all necessary and reasonable expenses incurred in prosecuting or *defending* the cause in County Court; provided only the party prevailing in County Court shall be entitled to recover against the adverse party such damages, expenses, and costs.

Mrs. Burns filed cross action in County Court for her damages; and filed plea to the jurisdiction of Johnson's suit. The County Court sustained such plea to the jurisdiction and dismissed the case at each parties' cost incurred by them. Thus Mrs. Burns prevailed in County Court as to Johnson's forcible detainer suit; but such judgment does not appear to have disposed of Mrs. Burns' cross action for her damages.

Plaintiff sought no common law or tort damages; seeking only "contractual" damages assertedly accruing under the two bonds by virtue of defending the eviction suit,[1] all of which plaintiff could have recovered in the County Court; Haginas v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368. If plaintiffs were denied such recovery on their cross action, they could have appealed to the Court of Civil Appeals. If such cross action was not acted on by the judgment of the County Court, it is pending, and Mrs. Burns may try such cross action in that court.

But plaintiffs seek to recover their damages under the two bonds by this independent suit in the District Court. Plaintiffs' damages for defending their possession is ancillary to the forcible detainer

---

1. Plaintiffs in their reply brief and in oral argument before this court so stipulated.

suit; Haginas v. Malbis, supra; and such damages are not recoverable in an independent action as here. Tallwater v. Brodnax, Tex.Com.App., 137 Tex. 604, 156 S. W.2d 142.

Plaintiffs' points are overruled.

Affirmed.