**Charles L. KRULL and Xavier Improvement Company, d/b/a Aim Recycling Center, Appellants,**

**v.**

**Eduardo SOMOZA, Texas Auto Group, Inc., Texas Industrial Management, Inc., Industrial Recyclers, Ltd., Joseph V. Maxwell and The Maxwell Corporation, Appellees.**

No. B14–92–00638–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 1994.

Rehearing Denied July 28, 1994.

Michael O'Brien, Jeffery B. Kaiser, Houston, for appellants.

Candace L. Smith, S. Mitchell Glassman, Houston, for appellees.

Before SEARS, LEE and JUNELL (Sitting by Designation), JJ.

### OPINION

SEARS, Justice.

This is an appeal of a forcible entry and detainer action. We affirm. On September 15, 1988, Charles Krull, (Krull), entered into a 3 year property lease with Joseph Maxwell and the Maxwell Corporation, (Maxwell). The lease contained an option to renew, which Krull claims he exercised on April 4, 1991, and which Maxwell claims was never received. In early to mid 1991, Krull contracted to sell his business to "The Somoza Group."[1] Before closing, Krull placed The Somoza Group in possession of the subject property. Closing never occurred. The lease between Krull and Maxwell expired on September 15, 1991, and The Somoza Group executed a lease with Maxwell on September 16, 1991, for the same premises.

Krull sued the Appellees in state district court for damages, and asked for an injunction. His request for a temporary injunction was denied. Krull filed a forcible entry and detainer action for possession of the premises in justice court and won. The decision of the justice court was appealed by the Appellees to county court for a trial de novo, and was tried by competing summary judgments.

---

1. The Somoza Group includes Eduardo Somoza, Texas Auto Group, Inc., Texas Industrial Management, Inc., and Industrial Recyclers, Ltd.

Appellants asked for damages for the first time in their summary judgment motion. Appellants' summary judgment was denied, and Appellees' summary judgment was granted. Appellants then appealed the trial court's decision to this Court.

Before submission, Appellants dismissed Texas Auto Group, Inc., Texas Industrial Management, Inc., and Industrial Recyclers, Ltd. After submission, Appellants moved to dismiss Eduardo Somoza from the appeal. We grant, with prejudice, Appellants' partial motion to dismiss Eduardo Somoza. The only remaining Appellees are Joseph Maxwell and The Maxwell Corporation. In one point of error, Appellants claim that the trial court erred in granting Appellees' summary judgment and in denying Appellants' request for possession and damages.

No appeal may be taken *on the issue of possession* from a final judgment of a county court in a forcible entry and detainer suit, unless the premises in question is being used for residential purposes. See, *Chang v. Resolution Trust Corp.,* 814 S.W.2d 543, 545 (Tex.App.—Houston [1st Dist.] 1991, no writ); Tex.Prop.Code Ann. § 24.007 (Vernon Supp.1994). Appellants leased the premises in question for commercial purposes. Appellants maintain that they are only appealing the issue of damages and not the issue of possession.

The primary purpose of a forcible entry and detainer suit is to resolve the issue of who is entitled to immediate possession of the premises. Tex.R.Civ.P. 746; *Hanks v. Lake Towne Apartments,* 812 S.W.2d 625, 626 (Tex.App.—Dallas 1991, writ denied); *Koelzer v. Pizzirani,* 718 S.W.2d 420 (Tex.App.—Fort Worth 1986, no writ); and *Rushing v. Smith,* 630 S.W.2d 498, 499 (Tex.App.—Amarillo 1982, no writ). Damage claims *related to* maintaining or obtaining possession of the premises may be joined with the detainer action and litigated in the county court. Tex.R.Civ.P. 752; *Hanks* at 626; and *Rushing* at 499. However, damages for other causes of action, (ie, wrongful termination), are *not* recoverable in a forcible entry and detainer action. Tex.R.Civ.P. 752; *Hanks* at 626–628.

Appellants are not entitled to recover damages for three reasons. First, Tex. R.Civ.P. 752 provides that in a forcible entry and detainer suit, "only the party prevailing in the county court shall be entitled to recover damages." Appellants were not the prevailing party. Second, the damages Appellants requested are not related to Appellants' maintaining or obtaining possession of the property. Third, even if Appellants had been the prevailing party, and the damages were recoverable in a forcible detainer action, Appellants are not entitled to recover damages because they did not *plead* for damages. For the first time in their motion for summary judgment, Appellants made a "request" for damages. A motion for summary judgment must be supported by the pleadings on file, and the final judgment of the court must conform to those pleadings. See, *Cunningham v. Parkdale Bank,* 660 S.W.2d 810 (Tex.1983); *Affiliated Capital Corp. v. Musemeche,* 804 S.W.2d 216, 218 (Tex.App.—Houston [14th Dist.] 1991, writ denied); and *Baker v. John Peter Smith Hospital, Inc.,* 803 S.W.2d 454, 456 (Tex.App.—Fort Worth 1991, writ denied). Appellants never pled for such damages, and therefore, were not entitled to relief including such damages.

Appellants' sole point of error is overruled and the judgment of the trial court is affirmed.