**Charles REYNOLDS, Appellant,**

v.

**WELLS FARGO BANK, NATIONAL ASSOCIATION, As TRUSTEE FOR FREEMONT INVESTMENT & LOAN SABR 2005–FR1, Appellee.**

**No. 08–07–00057–CV.**

Court of Appeals of Texas, El Paso.

Jan. 10, 2008.

Rehearing Overruled Feb. 6, 2008.

Charles Reynolds, Dallas, pro se.

Lori Vernor Graham, Houston, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

### OPINION

KENNETH R. CARR, Justice.

Appellant, Charles Reynolds, appeals a forcible detainer judgment issued in favor of Appellee, Wells Fargo Bank, National Association. Because Appellant's appeal is based on issues which are raised for the first time on appeal or are outside the scope of a forcible detainer action, we affirm the judgment of the trial court.

### BACKGROUND

Appellant and his wife, Shirley Reynolds, entered into a promissory note and deed of trust for the purchase of the property located at 911 Brookwood Drive in Dallas, Texas. Section 22 of the Deed of Trust sets out various requirements for foreclosure and sale of the property in the event of default. The section also provides:

> If the property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If posses-

sion is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On September 5, 2006, the property was purchased at a foreclosure sale by Wells Fargo. Wells Fargo subsequently sent a notice to vacate to Appellant, demanding that he and any other occupants vacate the property within three days. After the Reynolds refused to leave, Wells Fargo brought a forcible entry and detainer action in Justice of the Peace Court. Both parties appeared at the proceeding. The Justice Court found that Reynolds had been duly served with process and ordered that Wells Fargo recover possession of the property.

Reynolds appealed the Justice Court decision to the County Court. At trial, Shirley Reynolds argued that she and her husband did not receive notice of the foreclosure sale. Ms. Reynolds further testified that she had received a letter from the mortgagee providing a payment amount and payment date of November 1, 2006. The trial court entered judgment awarding possession of the property to Wells Fargo, as well as attorney's fees in the amount of $1,250.

On appeal, Appellant argues cryptically that the trial court made an "error of law" because he did not receive proper notice and because Wells Fargo did not list the proper address for the property.[1] Appellant asks this Court to reverse the judgment of the trial court and contends that the award of attorney's fees to Wells Fargo was improper.

### DISCUSSION

Initially, we note that *pro se* litigants are held to the same standards as licensed attorneys and must comply with

---

1. Appellant appears *pro se* in this appeal.

all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.-El Paso 2006, no pet.). A *pro se* litigant is required to present his case properly on appeal, just as he is required to present his case properly to the trial court. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.-El Paso 2007, pet. struck). If this were not the rule, *pro se* litigants would have an unfair advantage over those parties represented by counsel. *Greenstreet v. Heiskell*, 940 S.W.2d 831, 835 (Tex.App.-Amarillo 1997, no writ). Therefore, we will not make allowances or apply different standards because a litigant has presented his case without the advice of counsel. *Martinez*, 218 S.W.3d at 844.

In his first issue, Appellant contends that proper notice was not given. It is not clear whether Appellant is arguing that he did not receive proper notice to vacate or proper notice of foreclosure. Pursuant to the Texas Rules of Appellate Procedure, in order for a party to present a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. Tex.R.App. P. 33.1(a)(1). If a party fails to do so, the issue is not preserved and may not be made on appeal. *Id.*; *see also Community Initiatives, Inc. v. Chase Bank, N.A.*, 153 S.W.3d 270, 281 (Tex.App.-El Paso 2004, no pet.).

■ The record contains testimony by counsel for Wells Fargo that notice to vacate was sent to Appellant by regular and certified mail more than three days prior to the filing of the forcible detainer action.[2] The record also contains a copy of the notice letter. Appellant did not indicate in any way that the notice to vacate

was improper, nor did he object to the admission of a copy of the notice letter. Because there is no evidence in the record that any issues were raised concerning the notice to vacate, this issue was not preserved and may not be addressed on appeal. Tex.R.App. P. 33.1.

■ To the extent that Appellant is arguing that notice of foreclosure was not proper, the issue is beyond the scope of the proceedings below. The only issue in a forcible detainer action is the right to actual possession. Tex.R. Civ. P. 746. The merits of title are not to be adjudicated. *Id.* In order to prevail, a "plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.). "Where title to the property is directly involved in the suit, the justice and county courts lack jurisdiction." *Fandey v. Lee*, 880 S.W.2d 164, 169 (Tex. App.-El Paso 1994, writ denied). "[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Dormady*, 61 S.W.3d at 557. A forcible detainer action is not exclusive, but cumulative, of any other remedy a party may have in the courts of this state, and a displaced party may bring a separate suit in the district court to determine the question of title. *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex.App.-Houston [1st Dist.] 2004, pet. denied); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.).

At trial, Shirley Reynolds argued that the Reynolds were not properly notified of

---

**2.** The Texas Property Code provides that a tenant at will or by sufferance is entitled to three days' written notice to vacate before the filing of a forcible detainer suit. Tex. Prop. Code Ann. § 24.005(b). Notice may be given by regular, registered, or certified mail. *Id.* § 24.005(f).

foreclosure, that she and Appellant had been provided with a new payment date, and that they had sent payment. Appellant did not offer any other evidence. Wells Fargo established that it is the owner of the property by virtue of a deed from the substitute trustee following the foreclosure sale, that a landlord-tenant relationship was created between it and Appellant by virtue of the deed of trust, and that Appellant was a tenant at sufferance. Accordingly, the trial court could determine the issue of immediate possession, and the court properly refused to consider any evidence concerning the notice of foreclosure. *See Dormady,* 61 S.W.3d at 558 (alleged lack of foreclosure notice and opportunity to cure did not defeat jurisdiction of county court to determine immediate possession); *see also Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936) (claim attacking the validity of a sale made under a deed of trust is not permitted in a forcible detainer proceeding); *Villalon,* 176 S.W.3d at 70 (determination of a claim for wrongful foreclosure may be brought in district court and is independent of county court's determination in a forcible detainer proceeding). We overrule Issue One.

In his second issue, Appellant argues that Wells Fargo failed to list the correct street address for the property. There is no evidence in the record that this issue was ever raised in the trial court. Accordingly, this issue was not preserved and may not be considered on appeal. Tex.R.App. P. 33.1. We overrule Issue Two.

## CONCLUSION

We affirm the judgment of the trial court.