Affirmed and Memorandum Opinion filed July 22, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-06-00824-CV

___________________

 

James M. Ramey AND SEAN RAMEY, APPELLANTS

 

V.

 

Bank of New York, as Trustee, aPPELLEE



 



 

On
Appeal from County Civil Court at Law No. 1

Harris County,
Texas



Trial Court Cause No. 860916

 



 

 

MEMORANDUM OPINION

            This appeal arises from a forcible-detainer action
brought by Bank of New York.  The county civil court at law found in favor of the
bank.  James Ramey and Sean Ramey filed a pro se notice of appeal to this
court.

I

            Ramey
defaulted under the terms of a deed of trust.  The property was sold at
foreclosure and under the terms of the deed Ramey became a tenant at
sufferance.  The bank gave Ramey notice to vacate within three days and filed a
forcible-detainer action.  The justice-of-the-peace court found in favor of the
bank and rendered judgment against James Ramey and all other occupants.  James
Ramey appealed to the county civil court at law and filed several counterclaims. 
That court also rendered judgment for the bank and denied Ramey’s counterclaims. 
From that judgment, the Rameys appeal and raise three issues.

II

A

In their first issue, the
Rameys claim both the justice court and the county court at law lacked subject-matter
jurisdiction.  Specifically, the Rameys contend the underlying foreclosure sale
violated the automatic stay imposed by a bankruptcy proceeding James Ramey filed. 
Further, the Rameys argue a trespass-to-try-title suit filed before the
forcible-detainer action was heard precluded the county court at law from
proceeding.

A bankruptcy court may
annul a stay to validate actions taken during the period of time covered by the
stay.  See Goswami v. Metropolitan Sav. & Loan Ass’n, 751
S.W.2d 487, 489 (Tex. 1988) (citing Claude Regis Vargo Enters. v. Bacarisse,
578 S.W.2d 524, 527 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref’d
n.r.e.)).  The bank requests we take judicial notice of an order annulling the
automatic stay ab initio and validating the foreclosure sale, which the
bankruptcy court signed on October 24, 2005. 

We may take judicial
notice for the first time on appeal of a fact “capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably be
questioned.”  Tex. R. Civ. Evid. 201(b)(2).  Judicial notice is mandatory if
requested by a party and we are supplied with the necessary information.  Tex.
R. Civ. Evid. 201(d).  We may take judicial notice for the first time on
appeal.  See Office of Pub. Util. Counsel v. Pub. Util. Comm’n, 878
S.W.2d 598, 600 (Tex. 1994).  The bank has directed this court to the order,
available at https://ecf.txwb.uscourts.gov/doc1/1801466872,
and the authenticity and contents of the order are capable of accurate and
ready determination by resort to a published record whose accuracy cannot
reasonably be questioned.  Accordingly, we take judicial notice of the fact the
bankruptcy court annulled its stay for the period of time covering the
foreclosure sale and validated the sale.  The Rameys’ claim that the
foreclosure sale is invalid because of the bankruptcy stay is therefore
overruled.

The question of title is
not adjudicated in a forcible-entry-and-detainer action; rather, the only issue
is the right to actual possession.  See Tex. R. Civ. P. 746; Scott v.
Hewitt, 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936).  An action for forcible
entry and detainer is not exclusive of other remedies, it is cumulative.  See
Goggins v. Leo, 849 S.W.2d 373, 376 (Tex. App. Houston [14th Dist.] 1993,
no writ).  The displaced party is entitled to bring a separate suit in the
district court to determine the question of title, as the Rameys have done, and
the suits may be prosecuted concurrently.  Villalon v. Bank One, 176
S.W.3d 66, 70–71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).  The
plaintiff in a forcible-entry-and-detainer action is not required to prove up
title, “but need only show sufficient evidence of ownership to demonstrate a
superior right to immediate possession.”   Goggins, 849 S.W.2d at 377. 
A suit to try title in district court does not necessarily deprive the court in
which a forcible-detainer action was brought of jurisdiction.  See Villalon,
176 S.W.3d at 70–71.  The existence of a landlord-tenant relationship provides
a basis for the court to determine the right to immediate possession without
resolving the question of title.  Id. at 71.  In this case, the deed establishes
a landlord-tenant relationship after a foreclosure sale.  The relationship
therefore existed when the forcible detainer action was heard and the county
court at law could determine possession without quieting title.  

In support of their
argument, the Rameys cite Hopes v. Buckeye Retirement Co., L.L.C., Ltd.,
No. 13-07-00058-CV, 2009 WL 866794 (Tex. App.—Corpus Christi-Edinburg Apr. 2,
2009, no pet.) (mem. op.), and Mitchell v. Armstrong Capital Corp., 911
S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1995, writ denied).  Both are
distinguishable from the case at bar because in those case the only basis upon
which the court could determine the right of possession was title.  Here, the
court could determine possession based on the landlord-tenant relationship
arising from the deed of trust.  For these reasons, we find the Rameys’
argument that the trespass-to-try-title suit precluded a determination in the
forcible-entry-and-detainer action to be without merit.  Having rejected both
of the Rameys’ arguments that the justice court and the county court at law lacked
subject-matter jurisdiction, we overrule the Rameys’ first issue.

B

In their second issue,
the Rameys assert the county court at law erred in concluding the written
notices to vacate met the requirements of the Texas Property Code.  See
Tex. Prop. Code Ann. §§ 24.002, 24.005 (Vernon 2000 & Supp. 2009).  Under
section 24.005(b), the Rameys were entitled to three days’ written notice to
vacate before the bank filed a forcible detainer suit.  Tex. Prop. Code Ann. §
24.005(b) (Vernon Supp. 2009).  Section 24.005(f) provides the notice “shall be
given in person or by mail at the premises in question. . . . Notice by mail
may be by regular mail . . . to the premises in question.”  Tex. Prop. Code
Ann. § 24.005(f) (Vernon Supp. 2009).  

We first note that a
complaint about not receiving proper notice to vacate cannot be raised for the
first time on appeal.  See Reynolds v. Wells Fargo Bank, Nat’l Ass’n,
245 S.W.3d 57, 60 (Tex. App.—El Paso 2008, no pet.); Jimmerson v.
Homecomings Financial, LLC, No. 02-07-00305-CV, 2008 WL 2639757, *2 (Tex.
App.—Fort Worth 2008, no pet.) (mem. op.).  When the bank sought to introduce a
copy of the notice to vacate at the hearing, James Ramey objected, “The service
is improper on this, Your Honor.  It was sent to another attorney that we don’t
use any more.  We never got a copy of this.”  The court overruled the objection
as going to the weight to be given the exhibit, not its admissibility.  The
Rameys rely on this exchange to demonstrate preservation of their lack-of-notice
complaint.  But the Rameys’ objection to the exhibit does not comport with the
issue they raise on appeal.  See Tex. R. App. P. 33.1(a).  

Furthermore, the Rameys’
“Notice of Counterclaim” and “Trespass to Try Title Lawsuit” both recite that
“[o]n January 13, 2006, a Notice to Vacate the property was issued from the
Defendant.”  See Ellis v. Fremont Inv. & Loan, No. 02-06-00414-CV,
2008 WL 2168268 (Tex. App.—Fort Worth, 2008, no pet.) (mem. op.) (noting that Ellis
admitted to receiving notice to vacate in the county court).  The Rameys did
not allege any lack of notice in their answer to the forcible-detainer action,
or their motion for new trial. At the de novo trial on the forcible-detainer
action, the court queried, “this court is now ready to proceed to the
determination as to who has greater right of possession of the premises,
possession being the only issue before the Court at this time.  Is that
correct?”  Both of the Rameys agreed.  They failed to apprise the trial court
of their complaint regarding notice to vacate.  See Tex. R. App. P.
33.1(a).  

Moreover, the record
contains the affidavit of William Attomore averring that “[o]n January 13,
2006, a Notice to Vacate was forwarded by certified mail, return receipt
requested, and regular mail, postage prepaid, to Defendant, James. M.
Ramey and all other occupants of 1506 Dawnbrook Drive, Houston, Texas 77068,
demanding that the Defendants vacate the property within three (3) days or
forcible detainer proceeding would be commenced against them and all other
occupants.”  The Rameys cite Gore v. Homecomings Financial Network, Inc.,
No. 05-06-01701-CV, 2008 WL 256830 (Tex. App.—Dallas 2008, no pet.) (mem. op.),
but in that case the first-class mail envelope bore notations affirmatively
showing the notice was not delivered.  The case at bar is more akin to Jimmerson,
wherein the record revealed the notice to vacate was mailed by first-class mail
and there was no evidence that Jimmerson did not receive the notice to vacate
by first-class mail.  Jimmerson, 2008 WL 2639757, *2, n.4.  The record
does not establish the county court at law erred in concluding the bank gave
notice to vacate in accordance with the requirements of the Texas Property
Code.

For these reasons, the
Rameys’ second issue is overruled.

C

In their third issue, the
Rameys claim the county court at law lacked subject-matter jurisdiction to
consider their counterclaims.  According to the Rameys, their counterclaims
exceeded the scope of claims allowed in a forcible-detainer action.  As the
Rameys characterize their counterclaims, they sought injunctive relief, costs
for defending the eviction action, and $750,000 in actual and punitive
damages.  In the judgment, the county court ruled that the Rameys “shall take
nothing on their counterclaims.”

Damages for other causes
of action are not recoverable in a forcible-entry-and-detainer action.  See
Krull v. Somoza, 879 S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994,
writ denied) (citing Tex. R. Civ. P. 752 and Hanks v. Lake Towne Apartments,
812 S.W.2d 625, 626–28 (Tex. App.—Dallas 1991, writ denied)).  Therefore, the
county court at law did not have subject-matter jurisdiction over all of the
Rameys’ counterclaims.  See Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d
415, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Hanks, 812
S.W.2d at 629.  Those counterclaims should have been dismissed, without
prejudice, rather than denied because the forcible-detainer action is
cumulative of other remedies a party may have.  See Hanks, 812 S.W.2d at
629.  Accordingly, we sustain the Rameys’ final issue, in part.

* * *

We reverse and remand the
judgment of the county court at law for the limited purpose to dismiss, without
prejudice, the Rameys’ counterclaims that were not related to withholding or
defending possession of the premises during the pendency of the appeal.  In all
other respects, the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.