**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00381-CV**
_____

**AUBRALEDDA HINES, Appellant**

**V.**

**MAPLE HOUSING OF BEAUMONT, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 130962**

**MEMORANDUM OPINION**

Aubraledda Hines rented an apartment owned by Maple Housing of Beaumont ("Maple"). Maple filed a forcible entry and detainer action against Hines in justice court. *See generally* Tex. Prop. Code Ann. § 24.001–.011 (West 2014, West Supp. 2018); Tex. R. Civ. P. 510. The justice court entered a default judgment against Hines, and she timely appealed to the county court at law, where the matter was tried *de novo* to the bench. *See* Tex. R. Civ. P. 510.9, 510.10. In the county court

1

at law, the trial court entered a judgment in favor of Maple for possession of the premises, damages, attorney's fees, and costs in the amount of $4,486.00. Hines timely filed a motion for new trial in the county court at law, followed by a notice of appeal of the trial court's judgment. Hines presents three issues asserting: (1) there was no evidence she refused to surrender possession; (2) the county court at law did not have jurisdiction to award all of the damages in the trial court's judgment; and (3) the evidence was insufficient to support the amount of attorney's fees awarded. For the following reasons, we reverse the trial court's judgment in part and render judgment.

## Background

Hines rented an apartment unit from Maple and signed a lease agreement in April 2016. Hines received federal housing assistance, so part of the monthly rent was covered by a voucher. The lease indicated the total rent was $775.00 per month. Maple's account transaction log admitted into evidence at trial revealed the last housing voucher was in the amount of $422.00, which meant Hines's portion of the monthly rent was $353.00. Hines likewise testified her portion of the rent was $353.00. The transaction log showed the only month Hines did not pay rent was May 2017.

In its petition, Maple claimed unpaid rent in the amount of $1,873.00, and the balance on the transaction log showed a total amount of $1,873.00. Maple's representative testified this amount represented unpaid rent Hines owed. However, the transaction log revealed that the total balance of $1,873.00 included a charge of $1,520.00 characterized not as rent, but rather "[d]amages to apartment" and noted "fire damage due to [an] unattended vessel on stove[.]"

Pursuant to Paragraph 12 of the lease agreement, Maple had the right to require advance payment for damages caused by Hines. However, nothing in Paragraph 12 altered the characterization of damages to rent. Paragraph 30 of the lease agreement allowed Maple to apply payments first to any unpaid obligations, then to current rent.

## Issue One: Possession

In her initial brief, Hines asserted there was no evidence of one requisite element in a forcible entry and detainer action; specifically, she argued there was no evidence that she refused to surrender the property on demand. However, in her reply brief Hines conceded the issue of possession is moot since she already surrendered the property. We agree. Despite the mootness of possession, there remains a live controversy in this forcible entry and detainer action with respect to damages and attorney's fees, which we address in this appeal. *See Daftary v. Prestonwood Market*

3

*Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied) (citation omitted) (noting that while issue of possession was moot when tenants vacated the property, the entire case was not moot because the owner's claims for damages and attorney's fees presented live controversies); *see also Allen-Mercer v. Roscoe Props.*, No. 03-15-00674-CV, 2016 WL 4506294, at \*2 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.) (citation omitted).

### Issue Two: Jurisdiction to Award Damages

Whether a trial court has subject-matter jurisdiction can be raised for the first time on appeal. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993)). We review such claims under a *de novo* standard. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (citation omitted) ("Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo."); *Hong Kong Dev. v. Nguyen*, 229 S.W.3d 415, 436–37 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (noting that to the extent a trial court's rulings "allowed the exercise of jurisdiction over matters in the forcible-detainer appeal over which the court lacked jurisdiction, we review those rulings *de novo*"). Hines contends for the first time on appeal that the trial court did not have jurisdiction to award damages for any claims except unpaid rent and attorney's fees

4

in this forcible entry and detainer action, which we review *de novo*. *See Miranda*, 133 S.W.3d at 228; *Nguyen*, 229 S.W.3d at 436–37.

The purpose of a forcible entry and detainer action is to resolve the issue of who is entitled to immediate possession of the premises. *Hanks v. Lake Towne Apartments.*, 812 S.W.2d 625, 626 (Tex. App.—Dallas 1991, writ denied) (citing *Johnson v. Highland Hills Drive Apartments.*, 552 S.W.2d 493, 495 (Tex. Civ. App.—Dallas, 1977 writ denied)). "Forcible-entry-and-detainer actions provide a speedy, summary, and inexpensive determination of the right to the immediate possession of real property." *Volume Millwork, Inc. v. West Houston Airport Corp.*, 218 S.W.3d 722, 726 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citations omitted); *see also Nguyen*, 229 S.W.3d at 434; *Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 737 (Tex. App.—Dallas 2003, no pet.) (citations omitted). To carry out this purpose, the sole issue to be determined in a forcible entry and detainer suit is the right to actual and immediate possession. *Nguyen*, 229 S.W.3d at 434 (citing *Haginas v. Malbis Mem'l Found.*, 354 S.W.2d 368, 371 (Tex. 1962)).

"[T]he rules do vest the justice or county courts in such suits with jurisdiction over a few other limited matters." *Id.* When an appeal is filed in the county court, "the prevailing party may recover damages, if any, 'suffered for withholding or defending possession of the premises during the pendency of the appeal.'" *Allen-*

*Mercer*, 2016 WL 4506294, at *4 (quoting Tex. R. Civ. P. 510.11). Damages suffered for withholding or defending possession of the premises during appeal include loss of rents during the appeal's pendency, reasonable attorney's fees in the justice and county courts, and costs for the prevailing party. *Nguyen,* 229 S.W.3d at 434. These damages are "only those 'suffered as a *direct result* of withholding or defending possession.'" *Id.* (emphasis added) (citing *Hanks*, 812 S.W.2d at 627). Claims for other damages arising from the landlord-tenant relationship cannot be recovered in a forcible detainer action and must be handled in a separate proceeding. *Allen-Mercer*, 2016 WL 4506294, at *4 (citing *Krull v. Somoza*, 879 S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994, writ denied); Tex. Prop. Code Ann. § 24.008). Courts have enumerated types of damages that trial courts lack jurisdiction to award when some of the damages included in the award did not represent loss of rentals or directly relate to "withholding or defending possession of the premises." *See id.* at *5 (reletting and late fees); *Serrano v. Ramos*, No. 13-13-00476-CV, 2015 WL 3826794, at *4 (Tex. App.—Corpus Christi June 18, 2015, no pet.) (mem. op.) (earnest money, unpaid property taxes, and reimbursement for repairs); *Whitmire v. Greenridge Place Apartments*, No. 14-09-01002-CV, 2011 WL 1413412, at *5 (Tex. App.—Houston [14th Dist.] Apr. 14, 2011, no pet.) (mem. op.) (reletting fee);

6

*Hanks*, 812 S.W.2d at 627 (tenant's counterclaim for wrongful retention of security deposit).

In *Serrano v. Ramos*, the appellate court determined the trial court lacked jurisdiction to award damages as reimbursement for certain repairs. 2015 WL 3826794, at \*4. However, the court concluded the county court had jurisdiction to award damages for the cost of replacing locks and a garage door, because those damages related to the landlord's repossession. *Id.* That is not the case before us. The repairs at issue here included painting and cleaning smoke damage. Maple's representative testified damages to the unit totaled approximately $2,000.00, and a refrigerator was missing. Nothing in the record indicated these additional repairs impacted Maple's ability to take possession of the property. This is unlike *Serrano*, where repairing the locks and doors was necessary to the landlord's possession of the property. *See id.*

We conclude the trial court lacked subject-matter jurisdiction to award damages in this forcible entry and detainer action beyond unpaid rent, costs, loss of rentals during pendency of the appeal, and attorney's fees for Maple as those represent damages "suffered as a direct result of withholding or defending

possession."[1] *See* Tex. R. Civ. P. 510.11; *Allen-Mercer*, 2016 WL 4506294, at *4; *Whitmire*, 2011 WL 1413412, at *5; *Nguyen,* 229 S.W.3d at 434. Here, the county court at law lacked subject-matter jurisdiction to award damages to reimburse the landlord for repairs to the unit due to a fire. *See* Tex. R. Civ. P. 510.11; *Allen-Mercer*, 2016 WL 4506294, at *4; *Whitmire*, 2011 WL 1413412, at *5; *Nguyen,* 229 S.W.3d at 434. Likewise, the trial court lacked jurisdiction to award damages for other broken or missing items within the unit when there was no evidence they impacted Maple's ability to repossess the property. *See Serrano*, 2015 WL 3826794, at *4. Therefore, we dismiss Maple's claims for repairs due to fire damage or any damages except those "suffered as a direct result of withholding or defending possession."

---

[1] One type of allowable damages is loss of rentals during pendency of the appeal to county court. Texas R. Civ. P. 510.11; *Hong Kong Dev. v. Nguyen*, 229 S.W.3d 415, 436–37 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Allen-Mercer v. Roscoe Props.*, No. 03-15-00674-CV, 2016 WL 4506294, at *4 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.). The proper measure of damages for loss of rentals in a forcible-detainer appeal is the reasonable rental value of the property during the pendency of the appeal. *Daftary v. Prestonwood Market Square, Ltd.*, 399 S.W.3d 708, 712 (citing *Hart v. Keller Props.*, 567 S.W.2d 888, 889 (Tex. Civ. App.—Dallas 1978, no writ); *Koelzer v. Pizzirani*, 718 S.W.2d 420, 422 (Tex. App.—Fort Worth 1986, no writ)). Here, the damages sought by Maple were for "unpaid rent" as opposed to "loss of rentals" during the pendency of the appeal. Although "loss of rentals" is an allowable category of damages, there was no evidence in the record regarding the reasonable rental value of the unit during the pendency of the appeal. *See id.* (explaining the only evidence of fair market value of the rental property predated the appeal, which did not constitute evidence of reasonable rental value during pendency of the appeal).

*See* Tex. R. Civ. P. 510.11; *Allen-Mercer*, 2016 WL 4506294, at \*4; *Whitmire*, 2011 WL 1413412, at \*5; *Nguyen,* 229 S.W.3d at 434.

In the present case, Maple's petition for eviction indicated it sought $1,873.00 in unpaid rent. At trial, Maple attempted to make a claim for the cost of repairs to the unit as a result of a fire for which they alleged Hines was responsible. Maple also sued to recover damages for broken and missing items from the unit, including a refrigerator. The written judgment provided a lump sum amount for "damages, attorney (sic) fees and costs[.]"It did not itemize the elements of damages included in the award. We cannot determine from the written judgment how the trial court allocated the damages Maple recovered. While the trial court's written judgment controls in a civil case, we note the trial court orally pronounced that it was awarding past due rent of $1,873.00, "damage that's been specified" of $2,092.00, and attorney's fees in the amount of $500.00. *See Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 84 n.21 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561, 566 (Tex. 1937)) ("Recitals in a judgment or signed order of the court thus control over conflicting recitals in the record."); *In re JDN Real Estate–McKinney, L.P.*, 211 S.W.3d 907, 914 n.3 (Tex. App.—Dallas 2006, orig. proceeding) (holding written order controlled over conflicting oral pronouncement).

An award of $1,873.00 in past due rent, while consistent with the total amount shown on Maple's transaction log, disregards the fact that the face of the document reveals $1,520.00 of that sum included costs associated with fire damage rather than rent.

We sustain Hines's second issue. We reverse the trial court's judgment in part, striking those awards for damages from fire and smoke in the amount of $1,520.00, repairs for broken or damaged items in the amount of $2,092.00, and damages for a missing refrigerator in the amount of $400.00, for lack of jurisdiction.

**Issue Three: No Evidence to Support Attorney's Fee Award**

In her third issue, Hines contends there was no-evidence or insufficient evidence to support an award for attorney's fees. Maple counters this argument by claiming Hines failed to object at trial to the reasonableness of the attorney's fees, so she waived any claim of error. Maple further asserts "the testimony and argument of counsel were sufficient" to uphold an award of attorney's fees. At trial, Maple's representative testified that she had to retain an attorney to handle the appeal in county court at law, and she paid the attorney $500.00.

We examine a no evidence challenge on appeal as a challenge to the legal sufficiency of the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810–11 (Tex. 2005) (discussing no evidence challenges as being considered a legal

sufficiency review). Generally, an appellant must preserve complaints for appellate review through a timely request, objection, or motion and obtain a ruling in the trial court. *Office of Attorney General v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012) (discussing Tex. R. App. P. 33.1(d)). However, "[i]n a civil nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." Tex. R. App. 33.1(d). Hines did not waive her no-evidence challenge to the attorney's fee award by raising it for the first time on appeal. *See id.*; *Burton*, 369 S.W.3d at 175.

Texas Property Code section 24.006 allows for the recovery of reasonable attorney's fees by the prevailing party if certain notice requirements are met or by the prevailing party if the lease agreement provides for the recovery of attorney's fees. *See* Tex. Prop. Code Ann. § 24.006(a)–(d). The record must reflect the reasonableness of the fees. *Bruce v. Federal Nat. Mortg. Ass'n*, 352 S.W.3d 891, 894 (Tex. App.—Dallas 2011, pet. denied) (citing *Charette v. Fitzgerald*, 213 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). Texas law requires expert testimony to prove the reasonableness and necessity of attorney's fees. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.—Dallas 2014, no pet.) (citations omitted).

A no-evidence challenge will be sustained if:

11

> (a) [there is] a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of a vital fact.

*City of Keller*, 168 S.W.3d at 810 (citation omitted). In the forcible entry and detainer case presently before us, there is a complete lack of evidence regarding the reasonableness of the attorney's fee, tasks performed, and hours worked, which are vital facts. *See id.*; *see also* Tex. Prop. Code Ann. § 24.006(a)–(d) (allowing for the recovery of *reasonable* attorney's fees). During trial, Maple's representative testified only that she had to retain an attorney to handle the appeal in county court at law at a cost of $500.00. The attorney was not sworn in and did not testify. He merely argued that the trial court should award $500.00 for attorney's fees. Arguments of counsel do not constitute evidence. *In re Commitment of Day*, 342 S.W.3d 193, 197 (Tex. App.—Beaumont 2011, pet. denied) (citation omitted); *Kellmann v. Workstation Integrations*, Inc., 332 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (noting that "lawyer's statements during closing argument do not constitute evidence"). Because there is no evidence of the reasonableness of the attorney's fees, we sustain Hines's third issue and pursuant to Tex. R. App. P. 43.2(c), we strike the award for attorney's fees in the amount of $500.00 from the trial court's judgment.

## Conclusion

Having determined the trial court lacked subject-matter jurisdiction to award damages for reimbursement, we dismiss without prejudice any claims for reimbursement associated with fire damage repairs, other repairs, and claims for replacing a refrigerator. We further conclude the evidence was insufficient to support the trial court's award of attorney's fees. Pursuant to Tex. R. App. P. 43.2(c), a court of appeals may reverse the trial court's judgment in whole or in part and render the judgment the trial court should have rendered. We therefore reverse the trial court's judgment in part and render judgment that Maple have judgment over and against Hines for damages for unpaid rentals in the amount of $353.00, plus court costs in the amount of $111.00.

AFFIRMED IN PART, AND REVERSED AND RENDERED IN PART.

_____
CHARLES KREGER
Justice

Submitted on February 13, 2019
Opinion Delivered June 13, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.

13